362 So.2d 698 (1978)
STATE of Florida, Appellant,
v.
John J. RHEINSMITH, Jr., Appellee.
No. 77-2047.
District Court of Appeal of Florida, Second District.
September 20, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Daphne W. Boswell, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The State of Florida appeals the discharge of John J. Rheinsmith, Jr. pursuant to his demand for speedy trial.
We reverse upon the following facts:
On June 15, 1977, Rheinsmith was charged with grand larceny. Thereafter a trial date was set by court order. It was reset for September 30 by stipulation of counsel. On September 28, 1977, defendant filed a demand for speedy trial. On the day of trial the prosecutor moved for a continuance. The motion was denied and the state voluntarily nolle prossed the charges.
Two weeks later new charges of grand larceny were filed against Rheinsmith based upon the same conduct giving rise to the June 15 charges. Trial was set for November 17, 1977. On that date the state filed a written motion for continuance alleging that an essential witness would be out of the United States until after Thanksgiving. The motion was granted. On December 7, 1977 Rheinsmith moved for discharge based upon the speedy trial demand filed in the first criminal action. After a hearing the court ordered appellant discharged.
Rheinsmith urges that the demand for speedy trial filed in the first prosecution should also apply to the second case without the demand being refiled. We agree with this assertion. The intent and effect of the speedy trial rule cannot be avoided by the state through the device of entering a nolle prosse to a criminal charge and then filing a new information based on the same conduct. *699 See Fla.R.Crim.P. 3.191(b)(2). The post-demand speedy trial period of 60 days ran to November 28. Before that date the state had, on November 17, filed a motion for continuance based upon the nonavailability of a witness whose presence was uniquely necessary for the trial. A continuance granted upon such an exceptional circumstance extends the speedy trial period. See Fla.R.Crim.P. 3.191(f)(i); State v. Felton, 348 So.2d 1214 (Fla. 4th DCA 1977).
The court's order discharging Rheinsmith is therefore reversed and the cause remanded for further proceedings consistent with this opinion.
GRIMES, C.J., and HOBSON and SCHEB, JJ., concur.