387 So.2d 1037 (1980)
Donald J. MULLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1860.
District Court of Appeal of Florida, Third District.
September 16, 1980.
*1038 Bennett H. Brummer, Public Defender and Elliot H. Scherker and Karen M. Gottlieb, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto and James H. Greason, Asst. Attys. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal of three criminal cases consolidated for hearing in the trial court.[1] In each case Muller contended that the trial court erroneously denied his motion for discharge based on a violation of the speedy trial rule.[2]
On December 29, 1975, Muller was taken into custody on an arrest warrant charging him with an offense committed that date (Circuit Court Case No. 76-261), and on alias capiases issued on December 8, 1975, as a result of his failure to appear for proceedings in two cases upon which he had been earlier arrested and admitted to bail (Circuit Court Case Nos. 75-1023 and 75-6768). On July 2, 1976, not having been brought to trial on any of the three cases, Muller demanded a speedy trial, and on July 6, 1976, moved for discharge under Florida Rule of Criminal Procedure 3.191(d)(1).
Muller's claim in respect to Case Nos. 75-1023 and 75-6768, the two cases pending before December 29, 1975, is unavailing. It appears that in October 1975, Muller moved for and was granted a continuance of the trial of these cases and did nothing until July 2, 1976, to revive his right to speedy trial under the rule.[3]Butterworth v. Fluellen (Fla. 1980) (Case No. 57,385, opinion filed July 24, 1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
Muller's claim in respect to the case which began with his arrest on December 29, 1975, is different. The October 1975 continuance was unrelated to the distinct and separate offense committed on December 29, 1975, and as to that offense, Muller did not forfeit any of the benefits of the speedy trial rule by the earlier continuance. Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975).[4] Since the time within which Muller was to be brought to trial on this case expired on June 25, 1976, Florida Rule of Criminal Procedure 3.191(a)(1), Muller was entitled to discharge unless, as the State contends, the speedy trial period was extended or waived.
*1039 The State first argues that the speedy trial period was extended by probation revocation proceedings against Muller commenced with the filing of an affidavit on March 17, 1976, and concluded at a hearing held on March 19, 1976, with an order revoking probation and imposition of sentence.[5] Assuming, arguendo, that probation revocation proceedings are proceedings which would have justified the trial court extending the speedy trial time under Florida Rule of Criminal Procedure 3.191(d)(2),[6] a court order extending the time for that reason, or any other reason, was never entered. In the absence of an order of extension entered by the trial court during the speedy trial period, we will not find that the time was extended, no matter how compelling or exceptional the circumstances may appear. State v. Barnett, 366 So.2d 411 (Fla. 1978); Stuart v. State, 360 So.2d 406 (Fla. 1978); State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979); Mullin v. State, 307 So.2d 829 (Fla. 3d DCA 1974); Pouncy v. State, 296 So.2d 625 (Fla. 3d DCA 1974).[7]
The State next urges that the defendant waived his speedy trial claim. It appears that on June 30, 1976, after the 180-day speedy trial period had run, but prior to the filing of his motion for discharge, defense counsel moved for a continuance on the ground that "defense counsel will be on vacation." The State argues that this motion, pending when the motion for discharge was filed, evidenced the defendant's unreadiness for trial and thereby authorized the denial of discharge. The motion for continuance, however, was made five days after the speedy trial time had run. Such a motion does not affect Muller's right to discharge. Llanusa v. Glickstein, 376 So.2d 45 (Fla. 4th DCA 1979). Cf. White v. State, 338 So.2d 256 (Fla. 4th DCA 1976) (defendant's discovery demands made after speedy trial period has run do not constitute a waiver); Hammock v. State, 330 So.2d 522 (Fla. 1st DCA 1976) (a demonstration of unpreparedness for trial developed after the 180-day period has elapsed does not toll the speedy trial time).
Accordingly, we affirm the trial court's order denying Muller's motion for discharge entered in Circuit Court Case Nos. 75-1023 and 75-6768, and reverse its order denying Muller's motion for discharge entered in Circuit Court Case No. 76-261.
Affirmed in part; reversed in part.
NOTES
[1] In 1979, we granted Muller a belated appeal under Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).
[2] Muller entered pleas of nolo contendere to the charges, expressly reserving the right to appeal the propriety of the trial court's denial of his motions for discharge.
[3] Muller's demand for a speedy trial would trigger his right to be brought to trial thereafter within sixty days, Florida Rule of Criminal Procedure 3.191(a)(2); the denial of his motion for discharge on July 30, 1976, would require that he be brought to trial within ninety days from the denial, Florida Rule of Criminal Procedure 3.191(d)(3). See Butterworth v. Fluellen, supra. No constitutional speedy trial claim was advanced by Muller in the trial court or before this court.
[4] As stated, Circuit Court Case No. 76-261 did not spring from either of the criminal episodes involved in Circuit court Case Nos. 75-1023 or 75-6768. Were that the case, then the earlier continuance would impact Muller's claim. State v. Boyd, 368 So.2d 54 (Fla. 2d DCA 1979); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976).
[5] To its credit, the State does not rely on the reason given by the trial court for its ruling. The trial court ruled that when Muller's probation was revoked and a sentence of imprisonment imposed, Muller became a "prisoner" within the meaning of Florida Rule of Criminal Procedure 3.191(b)(1), to be tried within a year, not 180 days. Under Cradduck v. State, 360 So.2d 416 (Fla. 1978), and Lewis v. State, 357 So.2d 725 (Fla. 1978), the determination of whether a defendant is a prisoner is based upon his status at the commencement of the speedy trial period, here on December 29, 1975. The trial court's reason for denial of the defendant's motion for discharge was clearly wrong, but its ruling will be upheld if it is correct for other reasons. See Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980).
[6] This Rule authorizes an extension for "a period of reasonable and necessary delay resulting from proceedings including but not limited to ... [the] trial of other pending criminal charges against the accused."
[7] Had an order been entered by the trial court, we would undoubtedly have before us the propriety of an order that delayed the speedy trial time more than was "reasonable and necessary." Here the probation revocation proceedings from charge to adjudication took three days. It is likely that an order extending the time more than three days would be inappropriate. Cf. State v. Barnett, supra (speedy trial time tolled from date State moved for extension during pendency of appeal to date mandate received in trial court); Grisham v. State, 319 So.2d 130 (Fla. 1st DCA 1975) (speedy trial time tolled from date trial court entered order committing defendant to hospital until date trial court ordered defendant's return to jail).