DOWNEY, Judge.
Appellee was arrested on May 25, 1984, and shortly thereafter informed against by the state for conspiracy to commit bookmaking in Broward County. During the 180-day speedy trial time appellee was committed to the Federal Correctional Institute in Tallahassee to concurrently serve a federal sentence and two state sentences arising out of a criminal episode that occurred in 1981.
In due course, appellee moved for discharge on the pending conspiracy charge, contending that the 180-day period had run and that he had constantly been available for trial. The motion was granted and appellee was discharged based upon the trial court’s holding that 1) appellee was in joint custody while in the federal facility, since he was also serving two concurrent state sentences, and, thus, he was available and should have been brought to trial during the 180-day period, and 2) the state had not made sufficient effort to have appellee released from the federal incarceration to be present for trial in Broward County.
Rule 3.191(a)(1), Florida Rules of Criminal Procedure (1983), provides that a person charged with a felony shall, without demand, be brought to trial within 180 days after arrest. However, subsection (b)(1) of said rule creates an exception for certain persons, as follows:
(b)(1). Prisoners Outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons the time period under (a)(1) commences on the date the last act required under this section occurs.
Appellee contends that, under the circumstances of this case, where a defendant is charged with a crime in a state court but is already incarcerated in a federal prison or facility within the state for another crime, the state authorities must bring the defendant to trial within the time provided in rule 3.191(a)(1). Appellant, on the other hand, argues that the plain wording of the rule under subsection (b)(1) provides that the speedy trial time period is tolled while the defendant is in federal custody.
While we have not been directed to, nor has our independent research discovered, any case right on point, we believe one need go no further than the rule itself. It states that a person who is in federal custody and who is charged with a crime by information filed under state law is not entitled to the benefit of the speedy trial rule until he returns or is returned to the jurisdiction. Applying the rule to our facts, we conclude that appellee was a person in custody in the Federal Correctional Institute in Tallahassee, Florida, and appel-lee was informed against for a crime by the State of Florida. Therefore, appellee was not entitled to the benefit of the speedy trial rule until he was released from the federal facility to the jurisdiction of Florida, and the Broward County Circuit Court and the prosecutor were notified. At the time of his discharge by the trial court, appellee was still in custody at the federal facility.
One might argue that, if appellee was in federal custody outside the geographical *349 limits of Florida, the foregoing analysis would be correct, but, since he was in federal custody in Florida, it is not. However, we suggest that such a construction does violence to the wording of the rule. If such a construction were intended, all the drafters need have said was “a person who is incarcerated in a jail or correctional institution, state or federal, outside the jurisdiction of this State....” Furthermore, the committee note under rule 3.191 states: “Federal prisoners and prisoners outside Florida may claim the benefit of this section once special prerequisites are satisfied under (b)(1).” 33 Fla.Stat.Ann. 190 (Supp.1986) (emphasis added).
Although appellee was also serving two concurrent state sentences while in the federal facility, we find no authority for the trial court’s holding that he was thus in joint custody and that, therefore, the state speedy trial rule was applicable to him. We believe that so long as appellee was in actual federal custody, he was not entitled to the benefit of the rule. Additionally, the record shows that appellant did make some effort to have appellee temporarily released from the federal facility for the purpose of bringing appellee to trial; however, there was a great deal of confusion as to what method should have been utilized to effect appellee’s release. In any event, whether the state’s efforts were sufficient should not be controlling here because the rule does not require any specific actions by the state in obtaining the release of a prisoner in federal custody. The wording of the rule controls here, and it states that a prisoner in federal custody is not entitled to the benefit of the rule until he returns to the jurisdiction of the state, and the court and prosecutor are notified of that fact. The time period under subsection (a)(1) commences after these acts occur.
Accordingly, we reverse the judgment discharging appellee and remand the cause to the trial court for further proceedings.
HERSEY, C.J., and WALDEN, J., concur.