PER CURIAM.
The state appeals a trial court order dismissing an information as a sanction. We reverse.
Delgado was arrested in May 1987 and charged in the state court with trafficking in cocaine. Prior to trial on the state charges, he was released to the custody of federal authorities for the purpose of pleading to federal charges. While in federal custody, he entered a guilty plea to the federal charges and was sentenced to a five-year term of incarceration. When the state case was called for trial, the court was informed that the defendant was serving a federal sentence. The state was ordered to prepare the appropriate writ to secure the defendant’s return to answer state charges. Efforts of the state to comply, by habeas corpus, failed because the marshal refused to honor the writ. Another attempt was made to bring the defendant before the state court by a writ of extradition. Sixteen months later, with the extradition proceeding still pending, the court dismissed the information for lack of prosecution on a finding of carelessness and neglect on the part of the assistant state attorney.
A dismissal of criminal charges for lack of prosecution is inappropriate where the delay in the trial is neither the result of willful and deliberate actions of the state nor prejudicial to the defendant. State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986). The defendant makes no showing of prejudice. Further, the law does not impose a duty upon the state to secure the presence of a defendant to stand trial on state charges where the defendant is a federal prisoner. See State v. Covello, 491 So.2d 347 (Fla. 4th DCA 1986) (a defendant in federal custody is not entitled to the benefit of the state speedy trial rule until he is released from the federal facility to the jurisdiction of the state).
Reversed and remanded with instructions to reinstate the information.