588 So.2d 600 (1991)
STATE of Florida, Appellant,
v.
Ronald T. AGEE, a/k/a, Ronald Logan, Appellee.
No. 90-2952.
District Court of Appeal of Florida, First District.
August 27, 1991.
On Motion for Rehearing October 16, 1991.
*601 Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellant.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellee.
ALLEN, Judge.
The state appeals from an order discharging the appellee under Florida Rule of Criminal Procedure 3.191, the speedy *602 trial rule. Because we conclude that the trial court correctly applied the rule to the unique facts of this case, we affirm the order of discharge.
The appellant was taken into custody on March 30, 1988, under an information charging him with attempted second degree murder. On July 22, 1988, he filed a written demand for speedy trial under Rule 3.191(a)(2). Then, on August 8, 1988, the state entered a nolle prosequi. Because the state of Tennessee had previously filed a detainer on the appellee, he was extradited to Tennessee on August 19, 1988. He was still a prisoner in Tennessee when the order under review was entered.
Almost two years later, on July 13, 1990, the state filed an information charging the appellee with attempted first degree murder. The state conceded that the new information was grounded upon the same conduct or episode which gave rise to the 1988 information. On August 24, 1990, the appellee filed his motion for discharge under Rule 3.191. On August 30, 1990, the state filed a motion arguing that the time allowed by the speedy trial rule had not elapsed and requesting an extension of time under the rule. This appeal is from the order granting discharge, but also providing, "any applicable periods of speedy trial which may later be found to be in effect by the First District Court of Appeal are hereby extended by this Order pending the final outcome of any and all appellate proceedings which may arise from the entry of this Order."
Whether the appellee's speedy trial time had been computed under 3.191(a)(1) or 3.191(a)(2), the appellee could have filed his motion for discharge during September of 1988, had the nolle prosequi not been entered. Had the nolle prosequi not precluded the motion, the state would have been obligated to bring the appellee to trial within 15 days following the filing of the motion or suffer a discharge of the appellee under 3.191(i)(3). But the rule's timetable was interrupted by the state's entry of the nolle prosequi. Recognizing this, the trial court determined that 3.191(h)(2) is the dispositive provision of the rule. It provides:

Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

The rationale for this provision is obvious. The objective of the speedy trial rule is to insure, absent certain specified circumstances, that defendants will be brought to trial within the time periods prescribed by the rule. If prosecutors were permitted to unilaterally suspend the prescribed periods simply by use of the nolle prosequi, the rule would be meaningless. See State v. Rheinsmith, 362 So.2d 698 (Fla. 2d DCA 1978). Nevertheless, the state advances several arguments in support of its contention that the trial court erred in discharging the appellee.
First, the state argues that 3.191(b)(1) deprives the appellee of any right to discharge. It provides as follows:

Prisoners Outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons, the time period under (a)(1) commences on the date the last act required under this section occurs. For such persons the time period under (a)(2) commences when the demand is filed so long as the acts required under this section occur prior to the filing of the demand. If the acts required under this section do not precede the filing of the demand, then the demand is invalid and shall be stricken *603 upon motion of the prosecuting attorney. Nothing hereinabove stated shall affect a prisoner's right to speedy trial under section 941.45-941.50, Florida Statutes (1979).
Although the state contends that the foregoing provision means that a motion for discharge filed by an out-of-state prisoner is a nullity, it refers us to no authority for that construction of the provision. We do not agree with the construction urged by the state.
Rule 3.191(b)(1) simply means that one who is incarcerated outside Florida, and who is charged with a crime by indictment or information in Florida, is not "taken into custody" for purposes of the speedy trial rule, 3.191(a)(4), until he is returned to Florida and written notice of his return is filed with the Florida court and served upon the Florida prosecutor. Once a defendant has been taken into custody, (b)(1) has no further relevance. It does not address the effect of a subsequent incarceration of a defendant in another jurisdiction. Compare Lewis v. State, 357 So.2d 725 (Fla. 1978) (giving analogous construction to similar former provision of the rule). We do not suggest that the speedy trial rule may not be extended, under appropriate circumstances, due to a defendant's incarceration in another jurisdiction during the running of the speedy trial period, but that must be accomplished under 3.191(d), not 3.191(b)(1). See State v. Wilson, 498 So.2d 918 (Fla. 1986).
The state next argues that under 3.191(i)(3), it had 15 days following the filing of the motion for discharge to bring the appellee to trial and, because it secured an extension of time within that 15 days, the speedy trial period has not yet run. Rule 3.191(i)(3) provides:
No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
The state's argument has some appeal when the foregoing provision is considered in isolation. However, when it is considered in the context of the complete rule, the argument must be rejected.
Rule 3.191(d)(2), relating to extensions of time under the rule, contemplates that extensions of time will be authorized only upon court order or stipulation of the parties. Were we to accept the state's suggested application of 3.191(i)(3) to the facts of this case, prosecutors would have unilateral authority under the rule to secure extensions for as long as they wished. This would conflict with the approach set forth in (d)(2). Indeed, it would conflict with the basic reasons for adopting the speedy trial rule.
"Our speedy trial rule was promulgated in order to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial." Lewis v. State, 357 So.2d 725, 727 (Fla. 1978). If we should accept the state's argument that 3.191(i)(3) allows the phoenix-like rebirth of a case years after entry of a nolle prosequi, the critical stimulus referred to in Lewis would be lost. A prosecutor nearing the end of the speedy trial period, but wishing to delay the trial, could enter a nolle prosequi, take the additional months or years desired, and then file a new information. The prosecutor would merely be required to commence the trial within 15 days following the refiling of the charges.
As was discussed above, (h)(2) of the rule was adopted for the purpose of avoiding this result, and the trial court was correct in determining that (h)(2) required the discharge of the appellee. We hold that where the requisite speedy trial period has passed and the defendant could have secured a discharge, had a nolle prosequi not been entered, the 15-day recapture period provided by Rule 3.191(i)(3) is inapplicable.
*604 In so holding, we do not simply choose between conflicting provisions of the speedy trial rule. In our view, 3.191(i)(3) was never intended to apply to the situation before us. Before the provision was added to the rule in 1984, defendants with active cases were sometimes able to secure discharges because prosecutors overlooked speedy trial deadlines. In order to avoid the automatic discharge provided for in the pre-1984 rule, the current rule provides a reminder to the prosecutor that speedy trial is about to run. Therefore, the present rule continues to insure that a diligent defendant will be brought to trial within the periods provided in the rule, but it avoids the sometimes draconian remedy of automatic discharge following mere prosecutorial oversight.
The case before us does not involve prosecutorial oversight in failing to timely bring an active case to trial. Rather, it involves a conscious decision by the prosecutor to enter a nolle prosequi, followed by the prosecutor's conscious decision, almost two years later, to reinstate the case. Rule 3.191(i)(3) was not adopted to aid such a prosecutor, and we decline to so apply it in this case.
Finally, the state argues that the nolle prosequi was entered in good faith, and not merely for purposes of delay. The state explains that when the nolle prosequi was entered, the alleged victim was in a coma and not expected to recover, and there were no other eyewitnesses; but, when the case was refiled two years later, the alleged victim had recovered and two other eyewitnesses had been found. The argument is that because the state could have secured an extension of the speedy trial time, rather than entering the nolle prosequi, it should not now be penalized for choosing "the more humane and ethical approach." We must reject this final argument as well.
The speedy trial rule contains no "good faith" exception. But it does provide for extensions of the speedy trial period upon stipulation of the parties or order of the court. See 3.191(d)(2) and (f). In light of the circumstances existing in August of 1988, the state had only one option under the rule which would reserve its right to proceed against the appellee in the future. That was to secure an order extending speedy trial due to exceptional circumstances. When the state chose to enter a nolle prosequi, rather than move for an order extending the speedy trial period, the state effectively abandoned the case. That abandonment could not be altered by the unanticipated events of the ensuing months and years.
Accordingly, the order discharging the defendant is affirmed.
ERVIN and SMITH, JJ., concur.

ON MOTION FOR REHEARING
ALLEN, Judge.
We deny the appellant's motion for rehearing, but we certify conflict between our decision herein and State v. Dorian, 16 F.L.W. D2370, 1991 WL 174585 (Fla. 3d DCA September 10, 1991). Although the material facts in Dorian are indistinguishable from those present in this case, we observe that Dorian does not discuss the relationship between subsections (h)(2) and (i)(3) of Rule 3.191, Florida Rules of Criminal Procedure. We also observe that the reported facts of the two decisions relied upon by the Dorian court, Bloom v. McKnight, 502 So.2d 422 (Fla. 1987), and Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), decision approved, 506 So.2d 1035 (Fla. 1987), do not indicate that a nolle prosequi was involved in either case.
ERVIN and SMITH, JJ., concur.