KLEIN, Judge.
The state appeals an order granting defendant’s motion for discharge based on his right to a speedy trial. We affirm.
Defendant was arrested on November 20, 1991, and at calendar call on May 5, 1992, the state informed the trial court that it was not ready for trial because the victim had moved to Puerto Rico. The court denied the state’s motions for continuance and extension of speedy trial. The state then nolle prossed, and on May 19, 1992, refiled the same charge.
On June 2, 1992, defendant moved for discharge based on his right to a speedy trial. In opposition the state argued that it was entitled to the 15-day period provided by Florida Rule of Criminal Procedure 3.191(i)(3)[1], which stated:
(i)(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
Defendant argued that he was entitled to be discharged under these facts because of rule 3.191(h)(2), which stated:
Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
In State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), defendant was taken into custody on March 30, 1988 and filed a written *485 demand for speedy trial on July 22, 1988. The state nolle prossed on August 8, 1988. The state filed an information charging defendant with the same crime on July 13, 1990, and on August 24, 1990, defendant moved for discharge based on his right to a speedy trial. The state opposed the discharge, arguing that the nolle pros was in good faith because at the time there were no witnesses except the victim, who was in a coma and not expected to recover. When the case was refiled two years later, the victim had recovered, and two other eyewitnesses had been located. The state argued that when a nolle pros is in good faith and not merely for delay, the state should have the 15-day period available under rule 3.191(i)(3). The first- district held that it made no difference whether the nolle pros was in good faith or not and affirmed the order discharging the defendant, certifying conflict with State v. Dorian, 16 Fla.L.Weekly D2370, 1991 WL 174585 (Fla. 3d DCA September 10, 1991), modified on en banc rehearing, 619 So.2d 311 (Fla. 3d DCA 1993). The Florida Supreme Court granted review of Agee and heard oral argument on October 6, 1992.
In Dorian, an indictment was nolle prossed because the state could not locate witnesses. Six years later the defendant was arrested on a different charge, and, assuming he could not be prosecuted for the six year old charges, confessed to them. He was later indicted on the old charges. The trial court granted his motion for discharge based on the speedy trial rule, finding factually that the 1981 nolle pros was not in bad faith. The third district, en banc, disagreed with the first district’s analysis in Agee, and held that where the government nolle presses in good faith, the running of the speedy trial period is tolled. The third district was persuaded by federal law, relying primarily on United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). There, the Court held, under the particular facts of that case, that the period between the dismissal of charges by the government and a later refiling of the charges would not be counted in computing whether the right to a speedy trial had been violated. The Court pointed out, however, that the government had not “dismissed and later reinstituted charges to evade the speedy trial guarantee.” Id. 456 U.S. at 10 n. 12, 102 S.Ct. at 1503 n. 12.
In deciding the present case we need not choose between the irreconcilable opinions of our sister courts, because we conclude that here the state did nolle pros in order to avoid the application of the speedy trial rule. We base our conclusion on the following facts. At calendar call, with approximately 10 days remaining of the 175 days provided in rule 3.191(a), the state announced it was not ready for trial because the victim was in Puerto Rico, and moved for a continuance and an extension of speedy trial. When these motions were both denied the state nolle prossed and, two weeks later, refiled the same charge.
We believe there can be no other conclusion drawn from these facts except that the state nolle prossed in order to avoid the speedy trial rule. Although courts, in deciding these cases, have discussed whether the state was in good faith or bad faith, the rule says it is not to be “avoided” by the use of a nolle pros. Fla. R.Crim.P. 3.191(h)(2). In his dissenting opinion Judge Polen notes that the trial judge observed that he was not saying that the state did not act with due diligence. The fact that the state may have acted with due diligence in preparing for trial is not determinative. The issue is whether the state nolle prossed to avoid the speedy trial rule.
We cannot conceive that this nolle pros was anything other than an attempt to avoid the speedy trial rule. Accordingly, it makes no difference whether we apply the reasoning of Agee (speedy trial period never tolled by nolle pros) or Dorian (speedy trial period may be tolled if nolle pros is in good faith).
Affirmed.
FARMER, J., concurs.
POLEN, J., dissents with opinion

. The provisions of rule 3.191 referred to in this opinion are as they were numbered prior to being renumbered by the amendments effective January 1, 1993. In re Amendment to Florida Rules of Civil Procedure, 606 So.2d 227 (Fla. 1992).