POLEN, Judge,
dissenting.
Although I do not disagree with much of the analysis contained in the majority’s af-firmance, I disagree with the results reached. I do so primarily because the majority appears to be making a finding of fact not expressly addressed by the trial court in determining that “[this] defendant was entitled to be discharged because this nolle pros was taken to deprive the defendant of his right to a speedy trial.” This to me is a fact finding that the state did not act in good faith in entering the nolle pros, which would take this case outside the ambit of State v. Dorian, 619 So.2d 311 (Fla. 3d DCA 1993). In fact, at one point the trial judge observed,
Don’t get me wrong, I am not saying that the state didn’t act with due diligence. I remember how hard the state tried to get the victim in, but the problem was the state couldn’t get a hold of the victim; and the Court put the state in a position where they had to go forward on the case.
I believe this case is readily distinguishable from State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), rev. granted, 622 So.2d 473 (Fla.1993), on which the majority relies. In Agee, almost two years went by between the state’s nolle pros and its refiling on the same charge. Here, the 175-day period contemplated by Florida Rule of Criminal Procedure 3.191(a) had not yet run (and no motion for discharge could properly have been filed) when the state announced the nolle pros. When the state refiled on May 19, 1992, it was the 178th day after appel-lee was first taken into custody. Clearly, if appellee had moved for discharge that same day (May 19th), the state would have had at least twelve more days of the “window” period to bring appellee to trial. Fla. R.Crim.P. 3.191(p)(3). (The state might even argue that it was as much the appel-lee’s delay in filing his Motion for Discharge on June 2, 1992 — the 192d day — as the state’s action in taking a nolle pros and then refiling, that led the trial court to grant the motion.)
In any event, I believe Agee is distinguishable, and that the able trial judge erred in granting appellee’s motion for discharge. I would reverse and remand to allow the state the opportunity to bring appellee to trial within the fifteen-day “window” afforded by Florida Rule of Criminal Procedure 3.191(p)(3).