622 So.2d 473 (1993)
STATE of Florida, Petitioner,
v.
Ronald T. AGEE, Respondent.
No. 78950.
Supreme Court of Florida.
July 1, 1993.
Rehearing Denied August 20, 1993.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., and James W. Rogers, Bureau Chief-Criminal Appeals, Tallahassee, for petitioner.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Fourth Judicial Circuit, Jacksonville, for respondent.
SHAW, Justice.
We have for review State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), wherein the court certified conflict with State v. Dorian, 16 Fla. L. Weekly D2370, 1991 WL 174585 (Fla. 3d DCA 1991), superseded on rehearing, 619 So.2d 311 (Fla. 3d DCA 1993). We have jurisdiction. Art. V, *474 § 3(b)(4), Fla. Const. We approve the decision in Agee.
Donald Vandyk was shot on February 8, 1988, and rendered comatose. Agee was charged with attempted second-degree murder, arrested in Illinois, and extradited to Florida on March 30, 1988. Pursuant to Florida Rule of Criminal Procedure 3.191, Agee made a written demand for speedy trial on July 22, 1988. Thirty-three days before expiration of the speedy trial period, the State entered a nolle prosequi, noting that the victim was comatose and there were no eyewitnesses. Agee was then transported to Tennessee and imprisoned for escape. Later, Florida authorities located two eyewitnesses to the Florida crime, the victim emerged from his coma, and the State filed an information charging Agee with the premeditated attempted first-degree murder of Vandyk. The trial court dismissed the charges, ruling that section (h)(2) of the speedy trial rule  which provides that a nol pros shall not be used to avoid the intent of the rule  precludes refiling of charges once the State has nol prossed and the speedy trial time has run.
The district court affirmed, holding that where the speedy trial period has run and the defendant could have secured a discharge but for entry of a nol pros the defendant is entitled to automatic dismissal if charges are refiled. The court concluded that the State is not entitled to the fifteen-day "window of recapture" provided by section (i), and certified conflict with Dorian, wherein the district court indicated the window applies.
The State argues that the speedy trial rule is inapplicable during the period after entry of a nol pros and before charges are refiled. A nol pros removes a defendant from the "accused" category, the State insists, and places him or her in the same position as any other suspect in a criminal investigation. In the alternative, the State argues, the defendant must file a motion for discharge after the State has refiled charges and this activates the "window of recapture," which gives the State an extra fifteen days to begin trial.
Florida's speedy trial rule is contained in Florida Rule of Criminal Procedure 3.191[1] and requires the State to bring a defendant to trial within a time certain:
(a)(1) Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below. The time periods established by this section shall commence when such person is taken into custody... .
(2) Speedy Trial Upon Demand. Except as otherwise provided by this Rule and subject to the limitations imposed under (b)(1) and (c), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving upon the state attorney a Demand for Speedy Trial.
....
(4) In the event that the defendant shall not have been brought to trial within 50 days of the filing of the Demand, the defendant shall have the right to the appropriate remedy as set forth in section (i) below.
....
(i) Remedy for Failure to Try Defendant Within the Specified Time.
... .
(2) The defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.

*475 (3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
Fla.R.Crim.P. 3.191. The purpose of the rule is "to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial." Lewis v. State, 357 So.2d 725, 727 (Fla. 1978).
Section (h)(2) makes clear that the State cannot circumvent the intent of the rule by suspending or continuing the charge or by entering a nol pros and later refiling charges:
[h](2) Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

Fla.R.Crim.P. 3.191(h)(2). To allow the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rule  a prosecutor with a weak case could simply enter a nol pros while continuing to develop the case and then refile charges based on the same criminal episode months or even years later, thus effectively denying an accused the right to a speedy trial while the State strengthens its case.
When faced with a missing witness or unconscious victim, as in the instant case, a prosecutor is not without options. The State may always seek a delay under section (f), which allows judicial extensions for good cause:
(f) Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial ... (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; (4) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial... .
Fla.R.Crim.P. 3.191(f). The State may either postpone arresting a suspect until it has an adequate case or, if charges have already been filed, seek an extension for good cause. We note that requiring the State to petition the court for an extension achieves the intended result of ensuring judicial control over deviations from the rule.
Based on the foregoing, we hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
In the instant case, the State concedes that the new charge of attempted first-degree murder was based on the same occurrence as the original charge and was filed long after the initial speedy trial period had run. We note that Agee was presumably prepared for trial when he filed his demand, but now, more than two years later, may or may not be, due to state *476 action over which he had no control. While Agee has been in Tennessee prison, his witnesses may have relocated and their memories faded, and other evidence may have grown stale or disappeared. To allow the State to prosecute under these circumstances would violate the intent of the rule.
We approve the decision of the district court below, disapprove Dorian, and recede from Zabrani v. Cowart, 506 So.2d 1035 (Fla. 1987) and Bloom v. McKnight, 502 So.2d 422 (Fla. 1987), to the extent they suggest the fifteen-day window of recapture applies in such cases.
It is so ordered.
BARKETT, C.J., and McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I dissent. In this case, the State has done nothing wrong. It has acted properly and ethically, the statute of limitations has not run, and Agee has not shown that he has been prejudiced or that his constitutional right to a speedy trial has been violated. Even so, the majority has construed a procedural rule of this Court to allow the serious crime of attempted murder for which Agee has been charged to be totally discharged, principally because, when the time under our speedy trial rule expired in this case, Agee's victim was still comatose  comatose allegedly because of Agee's violent conduct.
In this case, sufficient evidence existed to establish probable cause necessary to support a valid arrest. Unfortunately, however, because Agee's victim remained in a coma, the victim could not testify concerning the circumstances of the crime. Moreover, the State had no medical opinion of when, if ever, the victim would recover, and no eyewitnesses were known to the State. Consequently, once Agee moved for a speedy trial, the State nol prossed this case because it believed it lacked sufficient evidence to proceed to trial. The fact that the victim eventually recovered and that two eyewitnesses subsequently became known to the State was not the result of a failure on the State's part to diligently investigate this crime. Regrettably, on these facts, the majority concludes that the State cannot recharge Agee for the offense at issue because the State violated the intent of Florida Rule of Criminal Procedure 3.191(h)(2) (1990) when it refiled the charges subsequent to entering a nol pros.
One of the purposes of rule 3.191 is to prevent the State from violating a defendant's right to a speedy trial through tactical maneuvers. Consequently, I agree that the State cannot enter a nol pros to avoid the effect of that rule. However, I do not believe that a case should be dismissed under rule 3.191 when the State is able to show that such a nol pros was filed in good faith and was not necessitated due to any fault of the State's. This is especially true when, through no fault of the State, the victim is unable to testify, and the prosecutor is unable to determine, when, if ever, that victim will be available to testify to supply sufficient evidence necessary to convict the defendant as charged.
As we have previously determined, rule 3.191 is purely a procedural "triggering mechanism," the violation of which presumptively establishes prejudice. R.J.A. v. Foster, 603 So.2d 1167 (Fla. 1992). However, that presumption is rebuttable and, for good cause shown, the time in which speedy trial limits will run may be extended. Similarly, I believe the filing of a nol pros by the State should also establish a rebuttable presumption that the State filed the nol pros to avoid the effect of rule 3.191. When, as in the instant case, the unrefuted facts reflect that good cause existed for filing the nol pros, I would find that the presumption has been rebutted and that the offense for which the defendant has been charged should not be discharged so long as the defendant is unable to show actual prejudice and is tried within the time remaining between the filing of the nol pros and the last day of the speedy trial time period.
The majority concludes that the State should not have filed the nol pros because, *477 even when the State is faced with missing witnesses or an unconscious victim, it has other available options. For example, the majority suggests that the State should either postpone arresting a suspect until it has an adequate case or, when charges have been filed as in the instant case, seek an extension for good cause.
The implementation of the first suggestion would entirely change our criminal justice structure. Clearly, the State need establish only probable cause that a suspect has committed a crime before making an arrest. Blanco v. State, 452 So.2d 520 (Fla. 1984) (the standard of conclusiveness and probability necessary for a valid arrest is less than that required to support a conviction), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Shriner v. State, 386 So.2d 525 (Fla. 1980) (same), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). Further, situations often arise where the need to make an arrest exists the moment probable cause is established, particularly when the offense is of a violent nature. The option of waiting to arrest until after sufficient evidence to convict has been obtained provides an opportunity for a defendant to leave the jurisdiction as well as to inflict additional harm on others. Consequently, this option is not viable under the circumstances of an attempted murder charge such as the one at issue here.
Neither is the second option viable in this case. When exceptional circumstances exist, the State may, under rule 3.191(f), seek an extension for good cause shown. However, that rule clearly reflects that, when a continuance is sought because of the unavailability of witnesses, the movant must advise the court as to when those witnesses will become available. Under the circumstances of this case, it was impossible for the State to show when, if ever, the victim would have been available to testify.
In this case, I believe the State chose the only ethical and proper course of action available to it when it filed the nol pros. The majority fails to recognize the ethical requirements of a prosecutor who finds that, through no fault of the State's, the victim is unable to testify and the prosecutor is unable to advise the court when, if ever, that victim can testify to provide sufficient evidence to support a conviction. Our procedural speedy trial rule should not be used to allow a defendant to escape culpability simply because that defendant injured the victim so badly that the victim is unable to testify during the speedy trial period. For these reasons, I dissent.
NOTES
[1] We cite the 1990 version of Florida Rule of Criminal Procedure 3.191 above. Agee's present motion for discharge under the rule was filed August 24, 1990. The rule has since been amended technically.