699 So.2d 832 (1997)
The STATE of Florida, Appellant,
v.
Norris H. LESLIE, Appellee.
No. 96-1766.
District Court of Appeal of Florida, Third District.
October 1, 1997.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellant.
John H. Lipinski, Hollywood, for appellee.
*833 Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
The State appeals an order discharging defendant under the speedy trial rule. After defendant-appellee Norris H. Leslie was taken into custody, the State announced that it would bring "no action." See Genden v. Fuller, 648 So.2d 1183, 1183 (Fla.1994). Later, the State changed its position and, on the 177th day after defendant was taken into custody, filed an information. Defendant filed a notice of expiration of the speedy trial period, and the court scheduled a trial date within the window period. On the day of the trial, defendant moved for a continuance. At that time, defendant personally waived his rights under the speedy trial rule, so that the defense would have time to take further discovery.
Thereafter, defendant moved for discharge under the speedy trial rule. The trial court granted the motion, and the State has appealed.
The Florida Supreme Court has held that "the speedy trial time begins to run when an accused is first taken into custody and continues to run when the State voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired." Genden v. Fuller, 648 So.2d at 1185. The speedy trial period expired, without demand, at the end of the 175th day. See Fla. R. Crim P. 3.191(a); see also State v. Agee, 622 So.2d 473, 476 (Fla. 1993). The information in this case was filed two days after the expiration of the 175-day speedy trial period and defendant was entitled to discharge under Genden v. Fuller.
The question arises, however, whether defendant's motion for continuance and on-the-record personal waiver of the speedy trial time requires a different result. We conclude that it does not. This court considered a similar issue under the prior version of the speedy trial rule. See Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980). In that case,
after the ... speedy trial period had run, but prior to the filing of his motion for discharge, defense counsel moved for a continuance on the ground that "defense counsel will be on vacation." The State argues that this motion, pending when the motion for discharge was filed, evidenced the defendant's unreadiness for trial and thereby authorized the denial of discharge. The motion for continuance, however, was made five days after the speedy trial time had run. Such a motion does not affect Muller's right to discharge.

Id. at 1039 (citations omitted) (emphasis added). Here, too, the defendant requested a continuance after the speedy trial period had expired, but before the motion for discharge was filed. Under the reasoning of Muller, we conclude that the defendant was entitled to discharge. That being so, it is unnecessary to reach the trial court's alternative ground for discharge.[*]
Affirmed.
GERSTEN and SHEVIN, JJ., concur.
SHEVIN, Judge, specially concurring.
I concur with the majority opinion, but write separately simply to clarify further that under the circumstances of this case, once the 175 day speedy trial period expires, the defendant's discharge is mandated, and there is no recapture window. See State v. Agee, 622 So.2d 473, 476 (Fla.1993).
"We approve the decision of the district court below, disapprove Dorian, and recede from Zabrani v. Cowart, 506 So.2d 1035 (Fla.1987) and Bloom v. McKnight, 502 So.2d 422 (Fla. 1987), to the extent they suggest the fifteen-day window of recapture applies in such cases." Agee, 622 So.2d at 476 (emphasis supplied).
COPE and GERSTEN, JJ., concur.
NOTES
[*] The trial court reasoned alternatively that the late filing of the information by the State had prejudiced the defendant in his ability to prepare for trial.