719 So.2d 322 (1998)
Carlos VILLAVICENCIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2526.
District Court of Appeal of Florida, Third District.
August 19, 1998.
Rehearing Denied November 4, 1998.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
*323 PER CURIAM.
Carlos Villavicencio appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The question is whether trial counsel rendered ineffective assistance by failing to raise a speedy trial issue during the pendency of the trial phase of the case. We affirm.

I.
Defendant was arrested on homicide charges in December 1987. In February 1988, the State announced a "no action," that is, a dismissal of the pending charges before the filing of an information or indictment. See Genden v. Fuller, 648 So.2d 1183,1183 n. 1 (Fla.1994).
In December 1990, defendant was indicted and rearrested on the same charges. The same defense attorney was again appointed to represent him. The defendant had filed a pro se demand for speedy trial, but it was not adopted by defense counsel and was stricken.
In August 1991, the First District Court of Appeal announced its decision in State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), approved, 622 So.2d 473 (Fla.1993). The First District held that the taking of a nolle pros in a criminal case did not stop the speedy trial clock, regardless of the reason for the nolle pros. See 588 So.2d at 603-04. The First District also held that "where the requisite speedy trial period has passed and the defendant could have secured a discharge, had a nolle prosequi not been entered, the 15-day recapture period provided by [Rule 3.191] is inapplicable." Id. at 603. By opinion on rehearing, the First District recognized that the law was otherwise in the Third District, and certified direct conflict with one of this district's cases, State v. Dorian, 16 Fla. L. Weekly D2370 (Fla. 3d DCA Sept. 10, 1991).[1] Thus, Agee held that where charges were refiled after the speedy trial period expired, counsel need only file a motion for discharge, and the charges must be dismissed.
Defendant's trial counsel did not become aware of the First District's Agee decision while defendant's case was pending. Consequently, the defense filed no motion for discharge based on Agee, even though the facts of this defendant's case were similar to those involved in Agee.
Defendant's case ultimately went to trial in March of 1993, and he was convicted. By motion for postconviction relief, he argued that his original trial counsel was ineffective for failing to move for discharge based on Agee. The trial court conducted an evidentiary hearing, see Villavicencio v. State, 686 So.2d 785 (Fla. 3d DCA 1997), after which it denied the motion. Defendant has appealed.

II.
In order to obtain postconviction relief based on ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id., 466 U.S. at 690, 104 S.Ct. 2052.
A criminal law practitioner bears a responsibility to be informed, within a reasonable time, about significant developments in the criminal law elsewhere in the State of Florida. That is so because decisions of other districts may prove beneficial to the client under the circumstances outlined in Pardo v. State, 596 So.2d 665, 666 (Fla. 1992),[2] or otherwise. The Agee decision was a legal development under the speedy trial rule, a significant and recurrent issue in Florida criminal practice.
In the hearing below, defendant's original trial counsel agreed that there is an obligation to become aware of developments in *324 the criminal law, but candidly conceded that he had not taken note of the First District decision in Agee. We begin with the premise that counsel should have discovered Agee within some reasonable interval after it was decided. The question we must consider is, under an objective standard of reasonableness, would it have been ineffective assistance for counsel (who knew about Agee) to fail to argue it while defendant's case was pending.
In the evidentiary hearing, trial counsel was asked how he would have proceeded if he had become aware of the Agee decision. He answered that if he had become aware of Agee prior to taking a continuance in the case, then he would have filed an Agee-based motion for discharge. However, defense counsel took his first continuance in March 1991, and the First District Agee decision was not announced until August, five months later. In trial counsel's view, the taking of the continuance waived the protections of the speedy trial rule, and thus an Agee-based motion would not have been available in this case.
We must disagree with trial counsel's reasoning on this point. The theory of Agee was that the speedy trial period continued to run during the period after the nolle pros, and upon expiration the defendant was entitled to discharge without benefit of the window period. Research would have disclosed that under the predecessor speedy trial rule, once the right to discharge has accrued, a subsequent motion for continuance does not waive the right to discharge. See Muller v. State 387 So.2d 1037,1039 (Fla. 3d DCA 1980), and cases cited therein; cf. State v. Leslie, 699 So.2d 832, 833 (Fla. 3d DCA 1997) (later decision applying rule).
We next turn to the First District decision in Agee itself. In Agee, the State filed an information, and the defendant filed a demand for speedy trial. See 588 So.2d at 602. The State entered a nolle pros, after which defendant was extradited to Tennessee. See id. Two years later, the State refiled the Florida charges. See id.
In holding that defendant was entitled to discharge, the First District placed dispositive weight on the nolle pros provision of the speedy trial rule, which states:

Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

588 So.2d at 602 (quoting Fla. R.Crim. P. 3.191(h)(2) (1990)[3]) (currently Fla. R.Crim. P. 3.191(o)(1998)). The First District concluded that the State had violated the nolle pros provision just quoted. The First District also relied on this provision in distinguishing two earlier Florida Supreme Court decisions, Bloom v. McKnight, 502 So.2d 422 (Fla.1987), and Zabrani v. Cowart, 506 So.2d 1035 (Fla.1987). See 588 So.2d at 604.
The present case, however, involves a "no action," not a nolle pros. The provision of Rule 3.191 relied on by Agee spoke only to a nolle pros, and was silent on a "no action." Agee said nothing about a "no action."
Since Agee by its terms applied only to a nolle pros, defendant is in reality contending that defense counsel should have used Agee to argue for an extension of the law to a new situationthe "no action"and that counsel was legally ineffective for failing to do so. We disagree.
Writing in the context of a claim of ineffective assistance of appellate counsel, the Florida Supreme Court has said, "The ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of the appeal fully articulated or established in the law." Alvord v. State, 396 So.2d 184, 191 (Fla.1981). The same logic applies to trial counsel. Stated differently, "[d]efense counsel cannot be held ineffective for failing to anticipate changes in the law." Nelms v. *325 State, 596 So.2d 441, 442 (Fla.1992) (citation omitted); see Stevens v. State, 552 So.2d 1082, 1084-85 (Fla.1989); Knight v. State, 394 So.2d 997, 1003 (Fla.1981); see also Parker v. North Carolina, 397 U.S. 790, 797-98, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).
Here, both Agee and the speedy trial rule specifically referred only to a nolle pros. The first reported decision extending Agee to a "no action" was this court's decision in Fuller v. Genden, 630 So.2d 1150 (Fla. 3d DCA 1993), approved, 648 So.2d 1183 (Fla. 1994), which was not announced until after defendant's trial was over.[4]
We have not overlooked trial counsel's testimony that, had he become aware of Agee during the pendency of defendant's case, he would have made an argument for application of Agee to defendant's "no action"but for his faulty analysis of the effect of the continuance which he had already taken. It could be argued that since defense counsel acknowledged that he personally would have seen the potential application of Agee to a "no action," defense counsel should be governed by that concession and ineffective assistance should be established as a matter of law.
The controlling legal standard, however, is otherwise. The standard under Strickland is one of objective reasonableness. The law under that standard is clear that counsel cannot be deemed ineffective "for failing to anticipate changes in the law," Nelms, 596 So.2d at 442, or failing to assert a theory of law which was not, at the relevant time, "fully articulated or established in the law." Alvord, 396 So.2d at 191. Stated differently, if an attorney reading Agee had made the professional judgment that Agee by its terms and its logic applied only to a nolle pros, not to a "no action," see Genden, 648 So.2d at 1185-86 (dissenting opinion), and thus did not file an Agee motion in a "no action" case, the fact that later court decisions (announced after defendant's trial was over) reached a different conclusion would not render counsel's legal analysis "ineffective." See Rutledge v. Wainwright, 625 F.2d 1200, 1204 (5th Cir.1980); Davis v. Wainwright, 547 F.2d 261, 264 (5th Cir.1977).
Under the standards just stated, the trial court's rejection of the claim of ineffective assistance of counsel must be affirmed.
Affirmed.
NOTES
[1] The Dorian panel opinion was later vacated and replaced by this court's en banc opinion in State v. Dorian, 619 So.2d 311 (Fla. 3d DCA 1993), disapproved, State v. Agee, 622 So.2d at 476.
[2] Pardo holds that a trial court is bound to follow the decision of another district if there is no decision on point in the "home" district. See id. at 666-67.
[3] The Florida Supreme Court's later Agee decision treated the 1990 version of the speedy trial rule as being applicable. See 622 So.2d at 474 n. 1.
[4] That the course of future events was not obvious is illustrated by the fact that the extension of Agee to a "no action" was approved by the Florida Supreme Court on a sharply divided 4-3 vote. See Genden v. Fuller, 648 So.2d 1183, 1183, 1185 (Fla.1994).