768 So.2d 1223 (2000)
The STATE of Florida, Appellant,
v.
Kinta Swan MITCHEL, Appellee.
No. 3D99-2603.
District Court of Appeal of Florida, Third District.
October 4, 2000.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban and Regine Monestime, Assistant Attorneys General, for appellant.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellee.
Before COPE, GERSTEN, and FLETCHER, JJ.
FLETCHER, Judge.
The State appeals from an order discharging the defendant based on the alleged *1224 violation of his right to a speedy trial under Florida Rule of Criminal Procedure 3.191. Finding the provisions of subsection 3.191(e) to be applicable, we reverse.
On March 23, 1999, defendant, Kinta Swan Mitchel, was charged by information with one count of carrying a concealed firearm and one count of unlawful possession of a firearm by a convicted felon. He was arraigned on these charges on April 23, 1999. Prior to trial, however, the defendant was taken into federal custody and a continuance was taken. On September 27, 1999, the defendant moved for discharge based upon the running of the speedy trial period. The trial court subsequently entered the order appealed from discharging the defendant after concluding that defendant was continually available for trial notwithstanding his federal detention.
Florida Rule of Criminal Procedure 3.191(e) states:
"(e) Prisoners outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served on the prosecutor. For such persons, the time period under (a) commences on the date the last act required under this subdivision...."
A person in federal custody is not deemed available for trial in the state court and, as the rule clearly states, is therefore not entitled to the benefit of speedy trial until he is returned to the jurisdiction of the state. See State v. Delgado, 557 So.2d 99 (Fla. 3d DCA 1990); State v. Covello, 491 So.2d 347 (Fla. 4th DCA 1986). Defendant argues that the provisions of rule 3.191(e) do not apply because he was in state custody prior to being placed in federal custody. However, the rule does not draw such a distinction. We also find State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), approved, 622 So.2d 473 (Fla.1993) distinguishable because that case involved a nolle pros situation.
For the foregoing reasons, we reverse the judgment discharging the defendant, and remand the cause for further proceedings.