WOLF, J.
In this direct appeal in which the public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and appellant filed a pro se brief raising several issues, we affirm appellant’s conviction and sentence for the crime of battery of a law enforcement officer. We write only to explain our position on the speedy trial issue raised by appellant in his pro se brief. Although appellant was not brought to trial on this felony charge within the 175-day period provided by Florida’s speedy trial rule, see Fla.R.Crim.P. 3.191(a)(1997), he was, nevertheless, not entitled to discharge under the rule.
Over a year after appellant had been arrested on the felony charge, he filed a notice of expiration of the speedy trial period and personally served the prosecutor with this pleading during a pretrial hearing on a motion for bond reduction. In accordance with the speedy trial rule, the trial court immediately acted on the notice and scheduled trial to take place seven days later. See Fla.R.Crim.P. 3.191(p)(3)(1997). Appellant, however, came back to court the next day and withdrew his demand for speedy trial, requested termination of his self-representation, and requested the appointment of standby counsel to represent him. The trial court granted all of these requests. Speedy trial discharge under these circumstances would have been improper under the rule. See id. (stating that discharge is only appropriate where the defendant is not brought to trial, through no fault of his own, within the 10-day recapture period).
Appellant cites to the third district’s decision in State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997), in support of his contention that nothing he did after expiration of the speedy trial period affected his right to discharge under the rule. Appellant essentially asks this court to read Leslie as holding that a defendant whose case has remained active since the date of arrest can never waive his speedy trial rights during the recapture period provided in the rule; we reject such a reading of Leslie.
*1125 The decision in Leslie and the supreme court’s opinion in State v. Agee, 622 So.2d 473 (Fla.1993), upon which the third district in Leslie relied, clearly stand only for the proposition that there can be no recapture period when the State seeks to avoid the time periods set forth in the rule by affirmatively abandoning charges against the defendant and then refiling charges after expiration of the applicable speedy trial period. This court’s opinion in State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), which the supreme court approved, made clear that the reasoning behind the decision in that case depended on the circumstances presented and would have no application in a case which had remained active since the date of arrest. See id. at 603-04.
Accordingly, we affirm.
BARFIELD and POLSTON, JJ., concur.