946 So.2d 624 (2007)
Lowen ESPINUEVA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3562.
District Court of Appeal of Florida, Fourth District.
January 10, 2007.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CORRECTED OPINION
FARMER, J.
The State seeks clarification of our opinion, and the defendant writes informally to advise that the actual charges were attempted felony murder and attempted armed robbery. We grant the motion, correct the statement of the charges, and substitute this corrected opinion for the original.
When defendant was arrested by Coral Springs police for his participation in a bank robbery, almost immediately thereafter he was arrested by the FBI as well to answer for federal criminal charges arising from the same episode. Meanwhile, the State of Florida proceeded to file charges against him, including two counts of attempted felony murder, two counts of attempted armed robbery, and one count of grand theft. More than two years later he filed a motion for speedy trial discharge, arguing that the speedy trial time had long since passed. The trial court properly denied the motion, citing the rule's exception from the speedy trial requirement when the defendant is in federal custody. See, Fla. R.Crim. P. 3.191(e) (providing that defendant is not entitled to benefit of speedy trial rule until federal *625 custody ends and defendant is returned to Florida custody); see also, State v. Mitchel, 768 So.2d 1223, 1224 (Fla. 3d DCA 2000), rev. denied, 804 So.2d 329 (Fla.2001) (provisions of rule 3.191(e) apply even when defendant was in state custody before being taken into federal custody). We therefore affirm his conviction.
Defendant's plea was conditioned on his right to appeal the speedy trial issue. At sentencing he did not object to the multiple sentences on double jeopardy grounds, as he now seeks to do for the first time on appeal. The State argues that this sentencing issue is not preserved for appeal. See, Novaton v. State, 634 So.2d 607, 608 (Fla.1994) (holding that defendant waived claim of double jeopardy as to sentences where plea bargain consented to separate sentences on each count). In this instance, however, the plea agreement did not include any understanding as to sentencing. At the plea hearing, defendant was asked to acknowledge that there was no agreement as to sentencing, and the trial court duly noted that there were "no promises, representations or guarantees as to sentencing." We therefore conclude that the double jeopardy issue as to the sentence was not waived by the plea. We therefore reverse and return the case to the trial court to consider, in the first instance, defendant's contention that the sentences for the armed robbery charges imposed violate the double jeopardy protection and, if necessary, for resentencing as to those charges only.
Conviction affirmed; Reversed as to sentences for armed robbery.
GUNTHER and GROSS, JJ., concur.