We have for review State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), wherein the court certified conflict with State v.Dorian, 16 Fla. L. Weekly D2370, 1991 WL 174585 (Fla. 3d DCA 1991), superseded on rehearing, 619 So.2d 311 (Fla. 3d DCA 1993). We have jurisdiction. Art. V, *Page 474 
§ 3(b)(4), Fla. Const. We approve the decision in Agee.
Donald Vandyk was shot on February 8, 1988, and rendered comatose. Agee was charged with attempted second-degree murder, arrested in Illinois, and extradited to Florida on March 30, 1988. Pursuant to Florida Rule of Criminal Procedure 3.191, Agee made a written demand for speedy trial on July 22, 1988. Thirty-three days before expiration of the speedy trial period, the State entered a nolle prosequi, noting that the victim was comatose and there were no eyewitnesses. Agee was then transported to Tennessee and imprisoned for escape. Later, Florida authorities located two eyewitnesses to the Florida crime, the victim emerged from his coma, and the State filed an information charging Agee with the premeditated attempted first-degree murder of Vandyk. The trial court dismissed the charges, ruling that section (h)(2) of the speedy trial rule — which provides that a nol pros shall not be used to avoid the intent of the rule — precludes refiling of charges once the State has nol prossed and the speedy trial time has run.
The district court affirmed, holding that where the speedy trial period has run and the defendant could have secured a discharge but for entry of a nol pros the defendant is entitled to automatic dismissal if charges are refiled. The court concluded that the State is not entitled to the fifteen-day "window of recapture" provided by section (i), and certified conflict with Dorian, wherein the district court indicated the window applies.
The State argues that the speedy trial rule is inapplicable during the period after entry of a nol pros and before charges are refiled. A nol pros removes a defendant from the "accused" category, the State insists, and places him or her in the same position as any other suspect in a criminal investigation. In the alternative, the State argues, the defendant must file a motion for discharge after the State has refiled charges and this activates the "window of recapture," which gives the State an extra fifteen days to begin trial.
Florida's speedy trial rule is contained in Florida Rule of Criminal Procedure 3.191[1] and requires the State to bring a defendant to trial within a time certain:
 (a)(1) Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below. The time periods established by this section shall commence when such person is taken into custody. . . .
 (2) Speedy Trial Upon Demand. Except as otherwise provided by this Rule and subject to the limitations imposed under (b)(1) and (c), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving upon the state attorney a Demand for Speedy Trial.
 . . . .
 (4) In the event that the defendant shall not have been brought to trial within 50 days of the filing of the Demand, the defendant shall have the right to the appropriate remedy as set forth in section (i) below.
 . . . .
 (i) Remedy for Failure to Try Defendant Within the Specified Time.
 . . . .
 (2) The defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge. *Page 475 
 (3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
Fla.R.Crim.P. 3.191. The purpose of the rule is "to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial." Lewis v. State, 357 So.2d 725, 727 (Fla. 1978).
Section (h)(2) makes clear that the State cannot circumvent the intent of the rule by suspending or continuing the charge or by entering a nol pros and later refiling charges:
 [h](2) Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
Fla.R.Crim.P. 3.191(h)(2). To allow the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rule — a prosecutor with a weak case could simply enter a nol pros while continuing to develop the case and then refile charges based on the same criminal episode months or even years later, thus effectively denying an accused the right to a speedy trial while the State strengthens its case.
When faced with a missing witness or unconscious victim, as in the instant case, a prosecutor is not without options. The State may always seek a delay under section (f), which allows judicial extensions for good cause:
 (f) Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
 Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial . . . (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; (4) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial. . . .
Fla.R.Crim.P. 3.191(f). The State may either postpone arresting a suspect until it has an adequate case or, if charges have already been filed, seek an extension for good cause. We note that requiring the State to petition the court for an extension achieves the intended result of ensuring judicial control over deviations from the rule.
Based on the foregoing, we hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
In the instant case, the State concedes that the new charge of attempted first-degree murder was based on the same occurrence as the original charge and was filed long after the initial speedy trial period had run. We note that Agee was presumably prepared for trial when he filed his demand, but now, more than two years later, may or may not be, due to state *Page 476 
action over which he had no control. While Agee has been in Tennessee prison, his witnesses may have relocated and their memories faded, and other evidence may have grown stale or disappeared. To allow the State to prosecute under these circumstances would violate the intent of the rule.
We approve the decision of the district court below, disapproveDorian, and recede from Zabrani v. Cowart, 506 So.2d 1035
(Fla. 1987) and Bloom v. McKnight, 502 So.2d 422 (Fla. 1987), to the extent they suggest the fifteen-day window of recapture applies in such cases.
It is so ordered.
BARKETT, C.J., and McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion.
[1] We cite the 1990 version of Florida Rule of Criminal Procedure 3.191 above. Agee's present motion for discharge under the rule was filed August 24, 1990. The rule has since been amended technically.