GRIFFIN, Judge.
Appellant, Debra Nesworthy, has raised several issues on appeal of her conviction for driving under the influence causing serious bodily injury. We conclude that only one of the issues raised merits discussion.
The accident out of which this criminal charge arose occurred on November 5, 1993. On January 5, 1993, she was served with a notice to appear on a charge of misdemeanor driving under the influence. On April 20, 1993, a hearing was held on Nesworthy’s motion for discharge under the speedy trial rule. The parties set a date for a plea; however, two days later the state nolle prose-quied the misdemeanor DUI charge. Approximately one month later, the state filed a two-count information charging DUI with serious bodily injury, a felony, and DUI with personal or property damage, a misdemean- or. On June 2, 1993, Nesworthy moved for speedy trial discharge. The court granted discharge on the misdemeanor but not on the felony. Thereafter, on July 2,1993, Neswor-thy filed a motion for continuance and waived speedy trial.
On appeal, Nesworthy contends that the lower court erred in failing to dismiss the felony when it dismissed the misdemeanor in June 1993. She relies on the recent decision of the Florida Supreme Court in State v. Agee, 622 So.2d 473 (Fla.1993). In essence, Nesworthy contends that, under the rule of Agee, at the time of the filing of the felony DUI charge, the speedy trial deadline had passed. She reasons that because the state nolle prosequied the misdemeanor, subsection (o) of Florida Rule of Criminal Procedure 3.191 controlled and prevented the state from thereafter prosecuting a new crime grounded on the same conduct or criminal episode. Nesworthy acknowledges that if the felony and misdemeanor charges had been brought together in the first instance, or if the felony charge had been brought prior to the expiration of the misdemeanor speedy trial deadline, then the felony speedy trial time period would apply. Because of Agee and the nolle prosequi, Nesworthy argues, once the misdemeanor speedy trial deadline had run, the state could not recapture the remaining time period by filing a felony charge.
We can find nothing in the Agee opinion nor in its underlying rationale that would lead to the result urged by Nesworthy. The *260 Agee court did not have before it, and did not consider, the nol pros of a misdemeanor. We have previously held that expiration of speedy trial on a lesser included misdemean- or with its shorter time frames does not bar prosecution on a greater felony offense. Spurlock v. Cycmanick, 584 So.2d 1015 (Fla. 5th DCA 1991). It appears to us most logical, and most consistent with the scheme set forth in Rule 3.191, that notwithstanding the speedy trial status of any previously filed misdemeanor, a felony may be charged and the defendant brought to trial within the speedy trial time frames applicable to felonies.[1]
AFFIRMED.
COBB and W. SHARP, JJ., concur.

. Additionally, we note that the July 2, 1993 speedy trial waiver would be effective as of that date. See Bryant v. State, 650 So.2d 68 (Fla. 5th DCA 1994).