WELLS, Justice,
dissenting.
I believe that the majority’s decision conflicts with the 1992 decision in R.J.A v. Foster, 603 So.2d 1167 (Fla.1992), in which this Court held that the ninety-day speedy trial period in juvenile delinquency proceedings, as provided for in section 39.048(6), Florida Statutes (1991),[4] is “a triggering mechanism” and not an absolute right. The Court ultimately approved the window period provided by rule 8.090(j), Florida Rules of Juvenile Procedure. The majority’s decision in the instant case elevates the ninety-day speedy trial period to a substantive right by making a violation of that time period per se prejudicial.
Furthermore, the majority’s reference to State v. Agee, 622 So.2d 473 (Fla.1993), is misplaced. In Agee, the Court made reference to subsection (h)(2) of rule 3.191,[5] Florida Rules of Criminal Procedure, which provided:
The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge *95 is suspended, continued, or is the subject of entry of a nolle prosequi
I believe the Court’s reference to that rule is significant to its decision. Rule 8.090 contains no similar provision, and I conclude that we should not engraft such a provision into the rule. Rather, I find it reasonable to conclude that unlike a nolle prosequi under rule 3.191, a nolle prosequi of a delinquency proceeding tolls the speedy-trial period.
I would approve the decision of the district court based on the above reasoning and grant the state fifteen days in which to conduct an adjudicatory hearing.
OVERTON, J., concurs.

. Subsection (7) of section 39.048 was renumbered subsection (6) in 1993.

. This provision is currently numbered rule 3.191 (o).