872 So.2d 313 (2004)
STATE of Florida, Appellant,
v.
Ronald R. PFEIFFER, Appellee.
No. 4D02-1877.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
Rehearing Denied May 28, 2004.
*314 Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellant.
Laurence Faye, Boynton Beach, for appellee.
STEVENSON, J.
The State of Florida appeals an order dismissing a charge of aggravated fleeing and eluding and discharging the defendant, Ronald R. Pfeiffer, on speedy trial grounds. We reverse and remand for further proceedings.
Pfeiffer was arrested for aggravated fleeing and eluding on July 16, 2001. Thereafter, Pfeiffer was charged not only with aggravated fleeing and eluding, but also with driving with a suspended license. Pfeiffer pled no contest to driving with a suspended license and was sentenced to six months probation.
With respect to the charge of aggravated fleeing and eluding, Pfeiffer filed a rule 3.190(c)(4) motion to dismiss in late August 2001, asserting that the facts alleged by the State did not establish a prima facie case. The State filed a traverse in October 2001. Then, on January 14, 2002, the trial court granted Pfeiffer's 3.190(c)(4) motion and dismissed the charge.
On February 1, 2002, the State refiled the aggravated fleeing and eluding charge in a new lower court case number. On February 25, 2002, Pfeiffer filed two motions to dismissone on double jeopardy grounds and the other on speedy trial grounds. On the speedy trial issue, Pfeiffer argued that the speedy trial time for the aggravated fleeing and eluding charge expired on January 7, 2002 (175 days after his July 16, 2001 arrest), and since the information in the new lower case number was not filed until February 1, 2002, he was entitled to dismissal of the charge. The trial court agreed, dismissed the charge, and discharged Pfeiffer. We find that the dismissal and discharge did not comport with the language of Florida Rule of Criminal Procedure 3.191, and we, therefore, reverse.
Rule 3.191(a) provides that "every person charged with a crime ... shall be brought to trial within ... 175-days if the crime charged is a felony." The 175 day period begins to run when the defendant is taken into custody. See Fla. R.Crim. P. 3.191(a), (d). A defendant is not, however, automatically entitled to discharge simply because 175 days have passed and he has not been tried. Rather, upon expiration of the 175 days, the defendant must file a notice of expiration of speedy trial. See State v. Demars, 848 So.2d 436 (Fla. 4th DCA 2003)(en banc); State v. Gibson, 783 So.2d 1155, 1158 (Fla. 5th DCA 2001); State v. Robinson, 744 So.2d 1151, 1153 (Fla. 1st DCA 1999). It is the filing of this notice of expiration of speedy trial that triggers the rule's protection and the remedies set forth in subsection (p),[1] including *315 the requirement that the court hold a hearing within five days of the filing of the notice of expiration of speedy trial and, if none of the reasons set forth in subsection (j) exist, the defendant must be tried within ten days or discharged.
Here, the speedy trial time expired on January 7, 2002. At that time, the initial aggravated fleeing and eluding charge was still pending as the trial court had not yet ruled on appellee's 3.190(c)(4) motion to dismiss. Despite the pendency of the charge and the expiration of the speedy trial time, Pfeiffer did not file a notice of expiration of speedy trial. The charge was dismissed on January 14, 2002, and when the charge was refiled on February 1, 2002, approximately two weeks later, Pfeiffer still did not file a notice of expiration of speedy trial. Having failed to file such notice, Pfeiffer was not entitled to dismissal of the charge and discharge.
We reject Pfeiffer's suggestion that a different result is required as a consequence of the supreme court's decisions in State v. Agee, 622 So.2d 473 (Fla.1993), Genden v. Fuller, 648 So.2d 1183 (Fla. 1994), and State v. Williams, 791 So.2d 1088 (Fla.2001). In Agee, thirty-three days prior to the expiration of speedy trial, the State filed a nolle prosequi as the victim was in a coma and there were no other witnesses. Sometime later and after the speedy trial time had run, witnesses became available and the State refiled. The trial court dismissed the charges, relying upon subsection (h)now subsection (o)of rule 3.191, which provides that "[t]he intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi." The First District affirmed, holding that "where the requisite speedy trial period has passed and the defendant could have secured a discharge, had a nolle prosequi not been entered, the 15-day recapture period ... is inapplicable." State v. Agee, 588 So.2d 600, 603 (Fla. 1st DCA 1991)(emphasis in original). On appeal to the supreme court, the State argued that the speedy trial time did not continue to run following the filing of the nolle prosequi or, alternatively, that it was entitled to the recapture period. The supreme court rejected both arguments.
Section (h)(2) [now section (o)] makes clear that the State cannot circumvent the intent of the rule by suspending or continuing the charge or by entering a nol pros and later refiling charges:
....
To allow the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rule....
....
Based on the foregoing, we hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
622 So.2d at 475 (citations omitted).
In Genden, the supreme court applied Agee's holding to the circumstance where the State announces a "no action" prior to the filing of charges. And, in Williams, the court applied Agee and Genden to conclude that the State could not avoid speedy *316 trial requirements by simply failing to file charges following the defendant's arrest.
The instant case is distinguishable from Agee, Genden, and Williams. Here, there was no attempt by the State to circumvent the requirements of the speedy trial rule by abandoning or delaying the prosecution and the State's actions did not serve to deprive the defendant of the opportunity to file a notice of expiration of speedy trial and avail himself of the rule's protection. Rather, the 175-day speedy trial period expired while appellee's 3.190(c)(4) motion to dismiss was under advisement by the trial court. When the trial court ultimately granted the motion to dismiss, the State promptly refiled charges.[2] Nowhere in Agee, Genden, or Williams does the supreme court suggest that the State may never file or refile charges after the expiration of the 175-day speedy trial period where the State's actions did nothing to deny the defendant the chance to timely assert his speedy trial rights.
In sum, since the defendant failed to file a notice of expiration of speedy trial, we hold that the trial court erred in dismissing the charge and discharging Pfeiffer on speedy trial grounds. On remand, Pfeiffer must file a notice of expiration of speedy trial, see Demars, 848 So.2d at 437-39, thus triggering the State's obligation to try him within the recapture period.
REVERSED and REMANDED.
SHAHOOD and MAY, JJ., concur.
NOTES
[1] Subsection (p) provides as follows:

(p) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
(2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled "Notice of Expiration of Speedy Trial Time," and serve a copy on the prosecuting authority.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
[2] Doctrines of double jeopardy, collateral estoppel, and res judicata do not prohibit the State from refiling charges following dismissal pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). See State v. Gellis, 375 So.2d 885, 886 (Fla.3d DCA 1979).