890 So.2d 487 (2004)
STATE of Florida, Appellant,
v.
B.S.S., a Child, Appellee.
No. 5D04-1468.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant *488 Attorney General, Daytona Beach, for Appellant.
J. Peyton Lea, III, Orlando, for Appellee.
WALSH, J.D., Associate Judge.
This case requires us to determine whether the trial judge properly applied the provisions of Florida Rule of Juvenile Procedure 8.090 in granting the Appellee's Motion for Discharge. We hold that the trial judge erred and reverse.
The relevant events and dates in this delinquency case are important to our determination. Appellee was arrested on December 2, 2003, for petit theft and possession of cocaine. The State filed its petition for delinquency the following day. At the adversarial hearing on December 22, 2003, the State requested a continuance because lab results were not finalized. The trial court denied the continuance leaving the State with no alternative but to nol pros the case.
The State filed a new petition for delinquency on January 5, 2004. The next day, a summons to appear was issued. From January 29 through February 10, 2004, multiple unsuccessful attempts to serve Appellee were made. The ninety day speedy trial period expired on March 2, 2004, prior to obtaining service on Appellee. Substitute service was finally effectuated on Appellee on March 31, 2004. Appellee filed his motion for discharge on April 6, 2004. After a hearing, the trial court granted the motion for discharge without affording the State the recapture period as provided for under subdivision (m) of rule 8.090. The State appeals that decision.
Florida Rule of Juvenile Procedure 8.090(a) provides to a juvenile respondent in a delinquency case a right to an adjudicatory hearing within ninety days of the earlier of: (1) the date the child was taken into custody, or (2) the date the petition was filed. Furthermore, if such a hearing has not been timely commenced, the rule provides a remedy under subdivision (m), after an inquiry pursuant to subdivision (d). In this case, our focus is on the unambiguous language of subdivision (m) which states in pertinent part:
Remedy for Failure to Try Respondent Within the Specified Time.
(1) No remedy shall be granted to any respondent under this rule until the court shall have made the required inquiry under subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
On April 14, 2004, the trial court conducted the required hearing on Appellee's motion for discharge. The State had filed the new petition promptly within the ninety-day speedy trial period. Furthermore, the court found that the State had gone to great lengths to serve the Appellee with *489 the new petition.[1] Each of these attempts were made before expiration of the speedy trial period.
A strict reading of Rule 8.090 reveals no requirement that the Appellee either be served or arraigned within the ninety-day speedy trial time in order for the State to be entitled to the recapture period under subdivision (m)(3). Instead the rule requires that upon hearing the motion of the Appellee for discharge, the trial court is compelled to determine whether any of the situations set forth in subdivision (d) of the rule apply. If so, the motion for discharge should be denied and the adjudicatory hearing conducted within ninety days per subdivision (d)(6). If not, then the remedy afforded in subparagraph (m) should be imposed, which requires that trial commence within ten days. Accord C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004) (en banc); State v. M.M., 867 So.2d 439 (Fla. 4th DCA 2004).
Here, the facts show that the adjudicatory hearing was not commenced within ninety days of the arrest. As a result, the court was required to determine whether any of the circumstances under subdivision (d) of rule 8.090 applied. Clearly, none of those circumstances were evident at the hearing. Thus, the trial court was required to apply the remedy set forth in subdivision (m) by permitting the State ten days within which to try the charge. If the State had failed to commence trial within ten days through no fault of Appellee, then the court would have had to discharge the Appellee.
The Appellee argues that application of Florida Rule of Juvenile Procedure 8.090(l) requires affirmance of the juvenile's discharge. That rule provides as follows:
(l) Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the state entering a nolle prosequi to a delinquent act or violation of law charged and by prosecuting a new delinquent act or violation of law grounded on the same conduct or episode or otherwise by prosecuting new and different charges based on the same delinquent conduct or episode, whether or not the pending charge is suspended, continued, or the subject of the entry of a nolle prosequi.
Contrary to the argument made by Appellee, this provision is simply intended to prohibit the State from avoiding the rule by dismissing the charges and then refiling the same charges after the expiration of the speedy trial period. State v. Agee, 622 So.2d 473, 475 (Fla.1993); see also P.S. v. State, 658 So.2d 92, 93 (Fla.1995). When this scenario occurs, an accused is prejudiced because, during the interval between the dismissal and refiling of the charges, there is no case pending and the accused, therefore, cannot avail himself of the remedy provision of the rule by filing a Motion for Discharge. If it were not for the operation of Rule 8.090(l), the State could choose to refile the charges months, or even years, later, as was the case in Agee, and thereby completely circumvent the accused's right to a speedy trial.
Here, in contrast to the facts in Agee, the charges were refiled within the speedy trial period. Therefore, Appellee's speedy trial right was not avoided and he *490 was not prejudiced because he could have filed his Motion for Discharge on the 91st day after his arrest. The fact that Appellee was not immediately served is of no import, and in this respect, the situation here is not different from C.D.[2] Upon his arrest, Appellee was clearly on notice that formal charges might be filed within the ensuing 90-day period. If he desired to invoke the remedy under the speedy trial rule at the earliest opportunity, he could have checked the public record on the 91st day to determine if charges had been filed, surrendered himself on the charges and immediately filed his Motion for Discharge. The nolle prosequi, therefore, did not "avoid" the effect of the rule as was the case in Agee.
If we were to hold otherwise, an accused could intentionally avoid service of process until after the expiration of the speedy trial period and, by doing so, avoid prosecution by defeating the State's right to the recapture period.
The court's holding today might conflict with cases cited by Appellee such as State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), and its progeny. We are unsure, however, whether the en banc decision of the Fourth District in C.D. was intended to affect Morris. If Morris survives C.D., even though Morris addressed the adult speedy trial rule, we clearly are in disagreement because the relevant portions of the adult rule are identical to the juvenile rule.
The lower court's order of discharge is reversed and this cause is remanded to the trial court with directions to afford the State ten days from issuance of the mandate to commence the adjudicatory hearing.
REVERSED AND REMANDED.
PLEUS and TORPY, JJ. concur.
NOTES
[1] The process server made multiple visits to the last home address and left notes to call. Apparently, Appellee lived on a large agricultural tract and the locked front gate barred access. Notice was mailed to the same home address, but the mail was returned undeliverable since there was no mail receptacle. Service was attempted upon Appellee's previous attorney but he declined to accept service of process because his contract of representation had terminated upon the entry of the previous nol pros.
[2] We see no basis for distinguishing a case like C.D., where service of the original petition is effected after the 90-day period, from the case at bar, where service of the refiled petition occurred outside the 90-day period. In both situations, the law imputes to the accused the knowledge that he is subject to prosecution for the 90-day period following his arrest.