PER CURIAM.
 

 Petitioner seeks a writ of prohibition based upon an alleged violation of the speedy trial rule. We deny the petition.
 

 Petitioner alleges that he was charged, by notice to appear, with a misdemeanor DUI violation on July 17, 2010. The State subsequently
 
 nolle prosequied
 
 the misdemeanor charge. On October 25, 2010, the State filed the felony charge of DUI with serious bodily injury, and, by amended information filed on November 12, 2010, added the felony charge of leaving the scene of an accident with injury. The felony charges arose from the same criminal episode as the
 
 nolle prosequied
 
 misdemeanor charge.
 

 On January 21, 2011, Petitioner filed a notice of expiration of speedy trial and motion for discharge. Petitioner asserted that speedy trial had expired and that no recapture period was available because the misdemeanor charges had been
 
 nolle pro-sequied,
 
 relying on Florida Rule of Criminal Procedure 3.191(o). The trial court agreed with Petitioner regarding the leaving the scene charge filed on November 12, 2010, but denied Petitioner’s motion regarding the DUI with serious bodily injury charge. The trial court reasoned that the DUI with serious bodily injury charge was filed within the misdemeanor speedy trial period (to which the trial judge added the recapture period, which he included in his computation), but that the leaving the scene charge was untimely because it was outside this time period.
 

 Although the trial judge’s reasoning was in error, he reached the right result on the charge that is the subject of this petition. In fairness to the trial judge, the parties
 
 *1234
 
 failed to favor him with the dispositive authority on this point. In
 
 Nesworthy v. State,
 
 648 So.2d 259 (Fla. 5th DCA 1994), we held that a felony DUI with serious bodily injury charge may be filed within the felony speedy trial period, even though a misdemeanor DUI charge arising from the same criminal episode had been previously
 
 nolle 'prosequied,.
 
 In so holding, we specifically rejected the very same contention made by Petitioner here — that rule 3.191(o) vitiated the recapture period. Our decision in
 
 Nesworthy
 
 was expressly approved by our high court in
 
 State v. Woodruff,
 
 676 So.2d 975, 978 (Fla.1996).
 
 [1]
 

 Here, both of the felony charges were filed within 175 days of Petitioner’s arrest. When Petitioner filed the notice of expiration of speedy trial, the State was entitled to the benefit of the recapture window. Because the trial court held a timely hearing on the notice and scheduled trial within the recapture period, Petitioner was not entitled to discharge.
 
 [2]
 

 PETITION DENIED.
 

 MONACO, C.J, TORPY and COHEN, JJ., concur.
 

 [1]
 

 . Much to our chagrin, appellate counsel also missed this authority. Once again, we admonish counsel to be more thorough in their research. Had this authority been identified earlier, this frivolous proceeding might have been avoided. Competent legal research is the responsibility of counsel.
 

 [2]
 

 . This is not a case like
 
 Woodruff,
 
 where the State’s proof of the felony charges would be impossible due to the prior discharge on the misdemeanor.
 
 See Woodruff,
 
 676 So.2d at 978 (contrasting felony DUI based on prior convictions with felony DUI with serious bodily injury).