SILBERMAN, Chief Judge.
Willie Leroy Palmer seeks review of his judgment and sentence for resisting arrest with violence. Palmer was charged with battery on a law enforcement officer and entered a negotiated guilty plea to the reduced charge while reserving the right to appeal the denial of two dispositive motions to dismiss. We affirm as to the denial of both motions but write to discuss why Palmer was not entitled to dismissal under the speedy trial rule.
The applicable speedy trial rule, Florida Rule of Criminal Procedure 3.191(a), provides that a defendant must be brought to trial within 90 days of being arrested if he is charged with a misdemeanor and within 175 days of being arrested if he is charged with a felony. Following an incident on November 23, 2008, Palmer was arrested and subsequently charged with misdemeanor battery. The speedy trial period for the misdemeanor charge expired on February 21, 2009.
At that point, Palmer was entitled to enforce his speedy trial right by filing a notice of expiration of speedy trial. See State v. Pfeiffer, 872 So.2d 313, 314 (Fla. 4th DCA 2004). The notice would trigger the recapture period under rule 3.191(p)(2).[1] Id. However, Palmer did not seek to enforce his speedy trial rights by filing a notice of expiration.
*1018 The ease proceeded to arraignment on March 23, 2009, and the court set a trial date. Two days before trial was scheduled, defense counsel moved for a continuance. The trial court granted the motion, but the State nol prossed the misdemeanor charge before the rescheduled trial date.
On April 29, 2009, the State filed an information based on the November 2008 incident charging Palmer with battery on a law enforcement officer. Absent waiver or tolling of the time, the speedy trial period for this felony charge would have expired on May 17, 2009, which was 175 days after Palmer’s initial arrest on November 23, 2008.[2] Palmer’s first notice of the felony charge was provided when he was arrested on the charge in October 2009. On November 3, 2009, Palmer was arraigned. He subsequently filed a motion to dismiss the felony battery charge based on the expiration of the speedy trial period under rule 3.191(a).
In his motion to dismiss, Palmer argued that he was entitled to immediate discharge because he was not brought to trial for the felony charge within the 175-day speedy trial period. The State argued that Palmer waived speedy trial by filing a motion to continue the misdemeanor charge.[3] Palmer asserted that his motion for a continuance did not waive speedy trial in the misdemeanor case; rather, it was a nullity because the speedy trial period expired before he sought the continuance. The question before the trial court was whether Palmer effectively waived speedy trial for the felony charge by filing a motion to continue after the expiration of the speedy trial period for the misdemean- or charge.
The supreme court has recently answered this question in State v. Nelson, 26 So.3d 570 (Fla.2010). In Nelson, the juvenile defendant was arrested, and the State filed a petition for delinquency against him. Id. at 572. Shortly after the expiration of the juvenile speedy trial period, defense counsel requested and was granted a continuance. The adult felony speedy trial period then expired. A few days later, the State filed an information in felony court with new charges. The State subsequently nol prossed the juvenile charges but then filed a second felony information with the same charges that had been contained in the petition for delinquency. Id.
The defendant filed motions for discharge in both adult felony cases based upon the expiration of the speedy trial periods. The trial court denied the motions based on its determination that the defense continuance waived speedy trial. The defendant then filed petitions for writs of prohibition, and the Fourth District granted the petitions based on its determination that the continuance did not constitute a waiver of speedy trial because it was sought after the speedy trial time had expired. Id. The court held that the continuance was a nullity. The Fourth District certified the following question for review:
Does a motion for continuance made after the expiration of the speedy trial period but before a defendant files a *1019 notice of expiration under the rule, which activates the right of recapture period, waive a defendant’s speedy trial rights under the rule?
Id. at 571-72.
The supreme court answered the certified question in the affirmative. Id. at 572. The court explained that rule 3.191(a) is not self-executing but must be triggered by the defendant’s filing a notice of expiration of the speedy trial period. Id. at 574. “In other words, the recapture period illustrates the principle that a defendant has a right to speedy trial, not a right to speedy discharge without trial.” Id. at 576.
The court also noted that a defendant may waive speedy trial by requesting and being granted a continuance. Such a waiver is an ongoing waiver, and it applies to any newly filed charges that arise from the same incident. Id. While some courts have considered motions for continuances made after the expiration of speedy trial to be nullities instead of waivers, those eases were decided before the 1984 enactment of the rule amendment that provided for the recapture period. Id. at 577. Before this amendment, the court lost jurisdiction over a case once the speedy trial time period expired, and any motions filed thereafter were a nullity. However, with the enactment of the recapture period, the court generally did not automatically lose jurisdiction and the nullity concept was generally inapplicable. Id. at 578.
The supreme court noted that “[t]he nullity principle may or may not have continued life in circumstances where the State is not entitled to the recapture period.” Id. The court acknowledged that there were limited circumstances under which the State was precluded from exercising its recapture rights,[4] but the court declined to address those circumstances because they were not present. Because the State was entitled to the recapture period, the court concluded that a postexpiration continuance operated as a waiver of the defendant’s speedy trial rights. Id. at 579. Any other outcome would “ignore the terms of the rule and the intent of the 1984 amendment to allow the State an opportunity to remedy a mistake through the recapture period.” Id. at 580.
The trial court in this case concluded that under Nelson, Palmer’s postexpiration continuance in the misdemeanor case operated as a waiver of his speedy trial rights that carried over to his newly filed felony charges because they arose from the same incident. Palmer argues that Nelson does not apply because (1) the speedy trial period and the fifteen-day recapture period had already expired when Palmer moved for a continuance and (2) the State was not entitled to the recapture period because it failed to notify Palmer of the refiled charges.
Palmer’s first argument misses the point. The Nelson court did not determine that the defense continuance constituted a waiver because it was granted within the fifteen-day recapture period. Instead, its decision was based on the fact that the State would have been entitled to the recapture period had a notice of expiration been filed.
In Palmer’s second argument, he claims that this case involves one of the exceptions in Nelson for cases in which the nullity principle is applicable because the State is precluded from exercising its recapture rights. Palmer claims that the State’s failure to notify him of the refiled charges before expiration of the speedy *1020 trial period would preclude its exercise of its recapture rights under State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997).
In Gantt, the defendant was arrested for a new offense while on controlled release for prior charges. Id. at 1012. The court then revoked his controlled release and incarcerated him. The State subsequently “ ‘no actioned’ ” the new charge but refiled the same charge four days later without notifying the defendant, who was still incarcerated. Id. at 1012-13. When the defendant failed to attend the arraignment on the refiled charges, the court entered a capias. Although the defendant was still incarcerated, he was not arrested on the refiled charge until after the speedy trial period expired. Id. at 1013.
The defendant filed a motion for discharge based upon the expiration of the speedy trial period. Id. The trial court rejected the State’s argument that it was entitled to the recapture period and granted the motion. On appeal, the Third District affirmed, holding that it would be inequitable to allow the State the benefit of the recapture period because the State should have notified the defendant of the refiled charges prior to the expiration of the speedy trial period and should have arranged for his presence at the arraignment. The court concluded, “To allow the state an additional fifteen days in which to bring the defendant to trial, in view of the State’s inaction, would impermissibly prejudice the defendant’s speedy trial rights.” Id.
The First and the Fourth Districts have similarly held that the State is precluded from exercising its recapture rights if it nol prosses charges and then refiles new charges based on the same incident without informing the defendant. See, e.g., Puzio v. State, 969 So.2d 1197, 1201 (Fla. 1st DCA 2007); State v. Morris, 662 So.2d 378, 379 (Fla. 4th DCA 1995). This court has not expressly ruled on the issue but has indicated agreement with this line of cases. See State v. McCullers, 932 So.2d 373, 376 (Fla. 2d DCA 2006). But see State v. Jimenez, 44 So.3d 1230, 1236-37 (Fla. 5th DCA 2010) (holding that a defendant is not entitled to automatic discharge upon the expiration of speedy trial even though he was not provided actual notice that the charges were refiled); Brown v. State, — So.3d —, — n. 2, 2010 WL 1687659 (Fla. 3d DCA 2010) (same).[5]
The Gantt analysis does not apply here because Palmer waived the time periods applicable to the rule for speedy trial without demand before the State nol prossed the misdemeanor charges. Gantt held that the State could not terminate its pros-ecutorial efforts and then refile charges without notifying the defendant in time for him to file a notice of expiration under that rule. 688 So.2d at 1013. However, in cases such as this one, in which the defendant has already waived speedy trial under the rule, the defendant cannot file a notice of expiration to vitiate the earlier waiver. Because Palmer had waived speedy trial, we cannot conclude that he suffered “im-permissibl[e] prejudice” by the State’s failure to notify him of the refiled charges prior to the expiration of speedy trial. See Gantt, 688 So.2d at 1013.
Furthermore, the reasoning for the Nelson exception is not applicable to Gantt or this case. In explaining the exception, the Nelson court noted the following two decisions holding that the State was precluded from exercising its recapture rights under rule 3.191 and applying the nullity princi- *1021 pie: State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997), and Ryan v. State, 768 So.2d 19 (Fla. 3d DCA 2000). See Nelson, 26 So.3d at 578.
The supreme court observed that in Leslie, the defendant’s postexpiration continuance was a nullity because the State had failed to refile charges against the defendant within the speedy trial period. Nelson, 26 So.3d at 578. Because the State was thus forever barred from refiling, the “post-expiration continuance would neither contribute to nor impact the reason that trial could not commence.” Id. (citing Leslie). As to Ryan, the supreme court noted that the defendant requested a continuance after the speedy trial period had expired. Later, he filed a notice of expiration. The trial court scheduled trial during the recapture period, but the State did not proceed to trial. The Nelson court observed that “the continuance [in Ryan ] operated as a nullity because it was not the principal reason the trial could not commence.” Id. at 578-79.
In Gantt, unlike in Leslie and Ryan, the defendant did not file a motion for continuance. Instead, the defendant was precluded from waiving or exercising his speedy trial rights by the State’s failure to notify him of the refiled charges. Thus, there was no issue regarding whether a motion for a continuance made after the expiration of the speedy trial period but before a defendant filed a notice of expiration under rule 3.191(h) waived the defendant’s speedy trial rights. As a result, there was also no issue of whether a motion for a continuance would be a nullity due to the State’s being unable to exercise its recapture rights. And in light of the Nelson conclusion that a motion for continuance after the expiration of the speedy trial time period waives a defendant’s speedy trial rights under the rule, Palmer is not entitled to relief.
In conclusion, the trial court correctly determined that, under Nelson, Palmer’s postexpiration continuance operated as a waiver of his speedy trial rights. That waiver carried over to his newly filed felony charges because they arose from the same incident. Thus, the trial court properly denied Palmer’s motion to dismiss on speedy trial grounds.
Affirmed.
CASANUEVA and MORRIS, JJ„ Concur.

. The court would be required to conduct a hearing on the notice within five days. Pfeiffer, 872 So.2d at 315; Fla. R.Crim. P. 3.191(p)(3). If the court did not find that one of the exceptions set forth in section 3.191(j) applied, then the State would be required to *1018 bring Palmer to trial within ten days or he would be entitled to discharge. Id.

. The State’s nol pressing of the misdemeanor charge did not toll the running of the speedy trial period. See State v. Agee, 622 So.2d 473, 475 (Fla.1993).

. See Butterworth v. Fluellen, 389 So.2d 968, 970 (Fla.1980). Once a defendant waives speedy trial, the waiver carries over to any refiled charges arising from the same criminal episode. Stewart v. State, 470 So.2d 101, 102 (Fla. 1st DCA 1985), approved, 491 So.2d 271 (Fla. 1986).

. See Nelson, 26 So.3d at 578 (discussing Ryan v. State, 768 So.2d 19 (Fla. 3d DCA 2000), and State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997)).

. It appears that the Third District’s decision in Brown conflicts with its earlier decision in Gantt although Brown does not acknowledge any conflict or reference Gantt. See Jimenez, 44 So.3d at 1237 (noting conflict).