SILBERMAN, Chief Judge.
The State appeals an order discharging Denice Mercer based on a violation of the speedy trial rule. Mercer filed a motion for discharge after the State nolle prossed a misdemeanor petit theft charge in county court and filed a felony petit theft charge based on the same conduct in circuit court. The circuit court determined that the State violated the speedy trial rule by failing to provide Mercer notice of the felony charge prior to the expiration of the misdemeanor speedy trial period. We reverse.
On October 15, 2010, Mercer was arrested for shoplifting at Walmart and given a notice to appear in county court. The State filed a misdemeanor information charging Mercer with petit theft on December 3, 2010. Mercer was appointed counsel, and she filed a written plea of not guilty. At the arraignment hearing on January 6, 2011, the prosecutor informed the county court of its intention to dismiss the case and file it in circuit court as a felony.[1] The county court then directed the clerk to take the case off the calendar.
On January 11, 2011, two days before the ninety-day misdemeanor speedy trial period expired,[2] the State filed a nolle prosequi of the misdemeanor charge in which it expressed its intent to file the charge as a felony. The next day, the State filed a felony information in circuit court charging Mercer with felony petit theft based on the same conduct. No capi-as was issued on the felony information, and Mercer was therefore never arrested for the felony.
Mercer was appointed counsel for the felony case, and she filed a written plea of not guilty on January 31, 2011. She appeared with counsel at the arraignment hearing on March 10, 2011, and the case was set for pretrial on March 18, 2011, and for trial on March 21, 2011.
On March 10, 2011, Mercer also filed a notice of expiration of speedy trial time and motion for discharge. The circuit court held a hearing on the motion on March 14, 2011. The State initially argued that the motion should be struck as untimely because speedy trial did not run on the felony until April 8, 2011, which was 175 days after Mercer was given a notice to appear on the misdemeanor charge.[3] Defense counsel argued that the ninety-day misdemeanor period applied and that the State was not entitled to the fifteen-day recapture period because Mercer was not provided notice of the felony charge *525 before the expiration of the ninety-day misdemeanor period. The State countered that, even if the ninety-day period applied, the State had filed the felony charge within that time. The State asserted that once the charge was timely filed, the State had the felony speedy trial period in which to provide Mercer notice of the felony charge and bring her to trial.
The circuit court ruled that the State was required to both file the felony charge and provide Mercer notice of the felony charge before the misdemeanor speedy trial period had run. The court recognized that the State had filed the felony charge within the misdemeanor speedy trial period, but it granted the motion for discharge because the State failed to arrest Mercer or notify her of the felony charge during the misdemeanor speedy trial period. The circuit court relied upon State v. Agee, 622 So.2d 473 (Fla.1993), Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997), and State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), in reaching its decision. We review the propriety of the court’s interpretation of the speedy trial rule de novo. See State v. Nelson, 26 So.3d 570, 573-74 (Fla.2010).
Florida Rule of Criminal Procedure 3.191(a) provides that a defendant must be brought to trial within ninety days of being taken into custody if the charge is a misdemeanor and within 175 days of being taken into custody if the charge is a felony. A defendant is taken into custody if she is either arrested or served with a notice to appear in lieu of arrest. See Fla. R. Crim. P. 3.191(d). If the State enters a nolle prosequi after a defendant is taken into custody, the speedy trial period does not start over but continues to run. Fla. R. Crim. P. 3.191(o); Agee, 622 So.2d at 475. The State may still file charges based on the same conduct, but it must do so before the applicable speedy trial period has expired. Agee, 622 So.2d at 475.
The expiration of the applicable speedy trial period does not automatically entitle a defendant to discharge. State v. Pfeiffer, 872 So.2d 313, 314 (Fla. 4th DCA 2004). Instead, she must file a notice of expiration of speedy trial. Fla. R. Crim. P. 3.191(p)(2); Pfeiffer, 872 So.2d at 314. Upon such a filing, the court must conduct a hearing on the notice within five days. Fla. R. Crim. P. 3.191(p)(3); Pfeiffer, 872 So.2d at 315. If the court does not find that one of certain enumerated exceptions applies, then the State must bring the defendant to trial within ten days. Pfeiffer, 872 So.2d at 315. If the defendant is not brought to trial within this ten-day recapture period, she is entitled to discharge. Id.
There are some limited situations in which a defendant’s remedy for a violation of speedy trial is immediate discharge. The exception that the circuit court relied upon in this case occurs when the State terminates its prosecutorial efforts and then files charges without rearresting the defendant or providing the defendant notice of the new charges prior to expiration of the applicable speedy-trial period. See Cordero, 686 So.2d at 738; Morris, 662 So.2d at 379. But see State v. Jimenez, 44 So.3d 1230, 1236-37 (Fla. 5th DCA 2010) (holding that a defendant is not entitled to automatic discharge upon the expiration of speedy trial even though he was not provided actual notice that the charges were filed).
There are two aspects of the circuit court’s decision that require discussion. First, the circuit court held that, under Agee, the State was required to file the felony petit theft charge within the ninety-day misdemeanor speedy trial period. In Agee, the defendant was charged with attempted second-degree murder. 622 So.2d at 474. The State nolle prossed the charge prior to the expiration of the felony *526 speedy trial period, and it filed a charge of attempted first-degree murder after the speedy trial period expired. The circuit court dismissed the charge on speedy trial grounds, and the district court affirmed. The district court held that when a defendant could have moved for discharge on speedy trial grounds the State may not enter a nolle prosequi and then refile charges after the speedy trial time period has expired. Id.
On appeal to the supreme court, the State argued that the speedy trial rule was inapplicable after the State nolle prossed the charges because the defendant was no longer an accused at that point. Id. The State alternatively argued that it was at least entitled to bring the defendant to trial within the recapture period. The supreme court rejected both arguments. Id. at 475. The court explained that allowing the filing of a nolle prosequi to toll the speedy trial period would eviscerate the speedy trial rule. Thus, the court concluded that the charges were properly dismissed. Id. at 476.
In this case, the circuit court relied on Agee to determine that the applicable speedy trial period for refiling was the original misdemeanor period even though the petit theft charge was refiled as a felony. However, this same argument has been rejected by the Fifth District. See Nesworthy v. State, 648 So.2d 259, 260 (Fla. 5th DCA 1994). In Nesworthy, the defendant was served with a notice to appear for a misdemeanor charge of driving under the influence. Id. at 259. After the expiration of the misdemeanor speedy trial period, the defendant filed a motion for discharge. The State subsequently nolle prossed the misdemeanor charge and filed an information charging the defendant with felony DUI with serious bodily injury and misdemeanor DUI with personal or property damage based on the same conduct. The defendant then sought speedy trial discharge as to the new charges. The circuit court granted the motion as to the misdemeanor but denied it as to the felony.
On appeal, the defendant argued that the court erred by failing to dismiss the felony charge because, under Agee, once the State nolle prossed the misdemeanor charge it had to file any felony charges within the misdemeanor speedy trial period. Id. The Fifth District disagreed, concluding that there was nothing in Agee that supported the defendant’s argument. Id. The court concluded, “It appears to us most logical, and most consistent with the scheme set forth in Rule 3.191, that notwithstanding the speedy trial status of any previously filed misdemeanor, a felony may be charged and the defendant brought to trial within the speedy trial time frames applicable to felonies.” Id. at 260; see also Bonilla v. State, 62 So.3d 1233 (Fla. 5th DCA 2011). And Nesworthy has been cited for this proposition with approval by the supreme court. See State v. Woodruff, 676 So.2d 975, 978 (Fla.1996).
Thus, contrary to the circuit court’s ruling, the State in this case had until the expiration of the 175-day felony speedy trial period to charge Mercer with felony petit theft and bring her to trial. Because Mercer was originally served with a notice to appear on October 15, 2010, the felony speedy trial period expired on April 8, 2011. The State filed the felony charges in January 2011, and the circuit court had set trial for the end of March 2011. Thus, the State had not violated Mercer’s speedy trial rights at the time of the hearing on her notice of expiration of speedy trial time and motion for discharge.
The second aspect of the circuit court’s decision that requires discussion is its reliance on Moms and Cordero to determine *527 that Mercer was entitled to discharge because the State failed to provide her notice of the felony petit theft charge during the misdemeanor speedy-trial period. In Morris, the defendant was charged with felony drug trafficking and demanded a speedy trial. 662 So.2d at 378. During trial, the State discovered that its key witness was unavailable and nolle prossed the charge. The defendant was released from custody. On the next day, which was within the felony speedy trial period, the State filed the same charge. Id. However, the State failed to arrest the defendant on the charge. The defendant was not provided notice of the new charge until he was notified of the arraignment by mail after the expiration of the speedy trial period. The circuit court subsequently granted the defendant’s motion for discharge on speedy trial grounds, and the State appealed.
On appeal, the State argued that it had complied with the supreme court’s ruling in Agee by refiling the charge within the original speedy trial period. Id. at 379. The State asserted that when the defendant filed his motion for discharge it was entitled to bring him to trial within the recapture period. The Fourth District rejected these arguments. The court concluded that the State’s failure to provide the defendant notice of the refiled charge deprived him of his right to a speedy trial and the ability to move for discharge based on the violation of that right. The court ruled that affording the State the recapture period violated the purpose of the speedy trial rule and Agee. Id.
In Cordero, the Third District relied on Morris to reverse a defendant’s conviction based on the erroneous denial of the defendant’s motion for discharge on speedy trial grounds. 686 So.2d at 737-38. In Cordero, the State “no actioned” a pending case and released the defendant from custody. Id. at 737. Although the State refiled charges based on the same conduct within the applicable speedy trial period, it failed to provide the defendant notice of the charges until the speedy trial period had expired. The circuit court denied the defendant’s motion for discharge based on its finding that the State was entitled to bring the defendant to trial within the recapture period. Id. at 738. The Third District reversed, explaining that, as with the defendant in Morris, the State’s failure to provide the defendant notice of the refiled charges deprived him of his right to move for discharge based on the violation of his speedy trial rights. Id.
Morris and Cordero stand for the proposition that, under Agee, the State is required to not only refile nolle prossed charges within the applicable speedy trial time but to provide the defendant notice of those charges within that time period as well. These cases provide no relief to Mercer. Mercer had been notified of the felony charge and appeared at the arraignment hearing on that charge well within the applicable felony speedy trial time period. In fact, the felony speedy trial time period had not yet expired when the circuit court held the hearing on Mercer’s notice of expiration of speedy trial time period and motion for discharge. Accordingly, the circuit court erred in determining that the State violated the speedy trial rule by failing to provide Mercer notice of the felony charge prior to the expiration of the misdemeanor speedy trial period.
Mercer raises as an alternative theory for affirmance that the State cannot prosecute her for felony petit theft because it filed a nolle prosequi as to the misdemean- or petit theft charge and did not refile the misdemeanor with the felony charge. Relying on State v. Woodruff, 676 So.2d 976 (Fla.1996), Mercer argues that she is entitled to dismissal of the charge of felony *528 petit theft because the State is unable to prove felony petit theft without proof of the misdemeanor. We find this argument unpersuasive.
In Woodruff, the defendant was originally arrested and issued misdemeanor notices to appear in county court for four DUI charges and for driving with a suspended license. Id. at 976. He entered a not guilty plea, and the county court set the case for trial. While these misdemeanor charges were pending in county court, the State filed an information in circuit court alleging almost identical misdemeanor charges based on the same conduct and adding a felony DUI charge based on the defendant’s having three previous DUI convictions. Id. at 976-77. After the ninety-day period for speedy trial on the misdemeanors ran, the defendant filed a notice of expiration of speedy trial and a motion for discharge in county court. Id. at 977. The defendant also filed a motion to dismiss on double jeopardy grounds in circuit court. The State responded by filing a nolle prosequi of the misdemeanor DUI charges in county court. The circuit court nonetheless granted Woodruffs motion to dismiss the information on double jeopardy grounds.
The Florida Supreme Court determined that double jeopardy did not bar the prosecution in circuit court but that estoppel precluded prosecution of the misdemeanor offenses in circuit court because these offenses were the same as those that the defendant sought to discharge in county court after the expiration of the speedy trial period.[4] Id. With respect to the felony DUI, the court determined that estop-pel did not apply because felony DUI is “a completely separate offense from misdemeanor DUI” that requires proof of the additional element of the three prior DUI convictions. Id. The court determined, however, that it would be impossible for the State to obtain a felony DUI conviction because it required proof of a misdemean- or DUI conviction on the current charge and additional proof of three or more prior misdemeanor DUI convictions. Because the State was estopped from proving the misdemeanor DUI conviction on the current charge, it could not establish the elements of the felony DUI. Id. at 978.
Mercer argues that, under Wood-ruff, the State is estopped from using the nolle prossed misdemeanor petit theft charge to prove the felony petit theft. We recognize that the felony petit theft charge requires proof of the current petit theft. See § 812.014(3)(c), Fla. Stat. (2010) (“A person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree ...”). But, unlike the felony DUI charge in Woodruff, the felony petit theft charge does not require a conviction on the current misdemeanor petit theft. In fact, the supreme court expressly noted this distinction in Woodruff when it stated, “It is the need to prove a current conviction which controls the outcome of this case. This rationale would not be applicable in a case in which the crime discharged by reason of the speedy trial rule was merely an element of the greater crime.” Woodruff, 676 So.2d at 978 n. 4.
In conclusion, the circuit court erred in determining that the speedy trial rule required the State to both file the felony petit theft charge and provide Mercer no *529 tice of the felony charge prior to the expiration of the misdemeanor speedy trial period. The applicable speedy trial period for refiling the felony petit theft charge in circuit court was the 175-day felony period. Because Mercer had been charged and provided notice of the felony petit theft charge within the applicable felony speedy trial time, the State did not deprive Mercer of her right to a speedy trial and the ability to move for discharge. Finally, Mercer’s alternative argument for affir-mance based on an estoppel theory is without merit because felony petit theft does not require a conviction on the third misdemeanor petit theft.
Reversed and remanded.
VILLANTI and CRENSHAW, JJ., Concur.

.In the words of the prosecutor, the case would "be going upstairs” because it was “being FOPS'ed into a felony.”

. See Fla. R. Crim. P. 3.191(a).

. See Fla. R. Crim. P. 3.191(a).

. The supreme court in Woodruff refers to the misdemeanor charges as having been discharged on speedy trial grounds. However, it appears that the State filed a nolle prosequi before the county court could grant the defendant's motion to discharge. Regardless, the applicable speedy trial period had expired as well as the recapture period, and the defendant would have been entitled to immediate discharge. See Woodruff, 676 So.2d at 977.