NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                          )
                                           )
             Appellant,                    )
                                           )
v.                                         )          Case No. 2D13-5823
                                           )
WILLIAM M. BORKO,                          )
                                           )
             Appellee.                     )
                                           )
_____)

Opinion filed August 19, 2015.

Appeal from the County Court for Lee
County; James R. Adams, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender,
and Lisa Lott, Assistant Public Defender,
Bartow, for Appellee.


SLEET, Judge.


        The State challenges the final order of the county court which discharged

a misdemeanor information charging William M. Borko with petit theft.  The basis for the

discharge was a violation of the speedy trial rule set forth in Florida Rule of Criminal

Procedure 3.191. In discharging the information, the county court also certified the following question of great public importance to this court: "When a felony case is reduced to a misdemeanor and transferred to county court, does the 175-day speedy [trial] rule time apply?" We accept discretionary jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A) and affirm the order of the county court. Additionally, we reword the certified question as follows:

> WHEN THE STATE NOLLE PROSSES A FELONY CASE
> IN CIRCUIT COURT AND FILES IT AS A MISDEMEANOR
> IN COUNTY COURT, DOES THE 175-DAY SPEEDY TRIAL
> RULE APPLY?

We answer the question in the negative.

In the instant case, Borko was arrested on June 16, 2013, for the theft of a bicycle. On July 12, 2013, the State filed a felony information charging Borko with third-degree grand theft based on that bicycle theft. A little more than two months later, on September 20, 2013, the State filed a misdemeanor information in county court charging Borko with misdemeanor petit theft based on the same bicycle theft. Six days later, the State nolle prossed the felony charge. On September 30, 2013, Borko filed a Notice of Expiration of Speedy Trial and Motion for Discharge as to the misdemeanor information. Following a hearing, the trial court entered its order discharging the misdemeanor information based on the speedy trial violation.

Rule 3.191(a) states, in part, as follows:

> Except as otherwise provided by this rule, . . . every person charged with a crime shall be brought to trial within [ninety] days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time periods established by this

subdivision shall commence when the person is taken into custody as defined under subdivision (d). . . .

Subsection (p) of the rule, entitled "Remedy for Failure to Try Defendant within the Specified Time," states:

> (1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
>
> (2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled "Notice of Expiration of Speedy Trial Time," and serve a copy on the prosecuting authority.
>
> (3) No later than [five] days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day [recapture] period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.

Fla. R. Crim. P. 3.191(p) (emphasis added).

This rule has been interpreted to mean that the State's charging document has to be filed within the speedy trial time period in order for the State to be entitled to the ten-day recapture period in which to bring the defendant to trial. See State v. Jimenez, 44 So. 3d 1230, 1233 (Fla. 5th DCA 2010) ("As long as the State files its [felony] charges within the speedy trial period, its failure to bring the defendant to trial within 175 days does not entitle the defendant to an immediate discharge." (citing State v. Nelson, 26 So. 3d 570, 574 (Fla. 2010))).

Here, the State filed its felony charge in circuit court within the 175-day felony period designated by the rule. Although it eventually nolle prossed that felony

charge, it did file the misdemeanor information in county court prior to doing so. Accordingly, the question before us is whether that misdemeanor information was untimely filed because it was filed outside of the ninety-day period the rule allows for misdemeanors or whether the misdemeanor information can be deemed timely because it relates back to the felony information that was filed within the felony time period.

Initially, we note that the State's reliance on this court's opinion in Woodbury v. State, 110 So. 3d 17 (Fla. 2d DCA 2013), is misplaced as that case is factually and procedurally distinguishable from the instant case. In Woodbury, felony DUI charges were dismissed on the defendant's motion based on the fact that the defendant did not have the requisite prior DUIs to enhance the charge to a felony. The circuit court, however, left the case on its docket. The State filed a misdemeanor information in county court, but Woodbury filed a motion to discharge in the circuit court. The circuit court denied the motion and conducted a jury trial on the misdemeanor, after which Woodbury was convicted of the misdemeanor. On appeal, Woodbury argued that after the circuit court dismissed the felony charge, it lacked subject matter jurisdiction to hear the misdemeanor charge and that the misdemeanor charge was a nullity because the misdemeanor information was filed outside the ninety-day speedy trial period. This court concluded that although the circuit court dismissed the felony charge, it retained subject matter jurisdiction over the lesser included misdemeanor charge and that therefore the circuit court did not err in denying Woodbury's motion to discharge. This court further stated that "because we have concluded here that the circuit court maintained jurisdiction over the lesser-included misdemeanor DUI, we also conclude that the felony speedy trial time period governs." Id. at 19. However, Woodbury does

- 4 -

not address whether the 175-day felony speedy trial time still applies after the felony is nolle prossed and the case is filed in county court.

In State v. Agee, 622 So. 2d 473 (Fla. 1993), the supreme court addressed whether the 175-day period continues to run once a felony charge is nolle prossed and the State tries to refile a different felony charge more than 175 days after the defendant was originally arrested. The court held that "when the State enters a nol[le] pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." Id. at 475. But again, Agee is factually and procedurally distinguishable from the instant case and does not address which period—the ninety-day misdemeanor period or the 175-day felony period—is the applicable period when a felony is nolle prossed in circuit court and a misdemeanor is filed in county court based on the same conduct.

We find State v. Mercer, 112 So. 3d 523 (Fla. 2d DCA 2013), to be more instructive on this issue. In Mercer, the State originally filed a misdemeanor information in county court. At the arraignment, the State dismissed the misdemeanor and announced its intention to file a felony information based on the same conduct. On the last day of the ninety-day misdemeanor speedy trial period, the State filed its felony information. But Mercer sought to discharge that information, arguing that the State had failed to comply with the speedy trial rule. Mercer's argument was two-fold. First, she maintained that because the State had originally filed the charge as a misdemeanor, the ninety-day speedy trial period for misdemeanors continued to apply after the State dismissed the charges. Second, she argued that the State had not properly complied with the ninety-day period because, although it had filed its felony information within that

- 5 -

period, it had failed to rearrest her or give her other notice of the felony charge. The circuit court agreed with Mercer and discharged the felony information.

This court reversed, concluding that the State had the 175-day period in which to file the felony information. In doing so, this court relied on Nesworthy v. State, 648 So. 2d 259, 260 (Fla. 5th DCA 1994), in which the Fifth District, addressing a situation similar to the one in Mercer, stated: "It appears to us most logical, and most consistent with the scheme set forth in [r]ule 3.191, that notwithstanding the speedy trial status of any previously filed misdemeanor, a felony may be charged and the defendant brought to trial within the speedy trial time frames applicable to felonies."

Applying the reasoning of Mercer and Nesworthy here, notwithstanding the speedy trial status of the previously-filed felony charge against Borko, the State was free to file the misdemeanor charge against him within the speedy trial time frame applicable to misdemeanors. The State failed to do so.

As such, we affirm the order of the county court discharging the misdemeanor information against Borko, and we answer the certified question of the county court in the negative.

Affirmed.


CASANUEVA and MORRIS, JJ., Concur.